No. 12241

IN THE SUPREME COURT OF THE STATE OF MONTANA

1972

--------------

FRANCIS J. RAUCCI, as Trustee
in Bankruptcy of Hazel Marguerite
Dahlquist,

                Plaintiff and Respondent,

    -vs-

VIRGINIA R. DAVIS and HAZEL MARGUERITE
DAHLQUIST,

                Defendants and Appellants.

--------------

Appeal from: District Court of the Eighth Judicial District
             Honorable Paul G. Hatfield, Judge presiding.

Counsel of Record:

    For Appellants:

        John C. Hall argued, Great Falls, Montana.

    For Respondent:

        Church, Harris, Johnson & Williams, Great Falls,
        Montana.
        Donald A. LaBar and Richard Gallagher argued,
        Great Falls, Montana.

--------------

                    Submitted: November 27, 1972

                        Decided: JAN 23 1973

Filed: JAN 23 1973

_Thomas J. Kearney_
                    Clerk

Mr. Justice James T. Harrison delivered the Opinion of the Court.

This is an appeal by defendants, Mrs. Virginia R. Davis and Mrs. Hazel M. Dahlquist, from a judgment in the district court of Cascade County, for the Trustee in Bankruptcy, Francis J. Raucci. On the basis of the evidence produced at trial without a jury, the trial judge found that an assignment of a note and mortgage from Mrs. Dahlquist to Mrs. Davis was a fraudulent conveyance. This appeal is taken from that judgment.

The record of the cause shows the facts of the transaction are as follows: Mrs. Davis and Mrs. Dahlquist are sisters. Their parents, Mr. and Mrs. Gustav Haag, were the owners of a farm in Liberty County, Montana. In 1961 the farm was sold to Marvin Haag, brother of the defendants. He executed a promissory note in favor of his parents in the amount of $26,800 and a mortgage on the farm was taken as security for the note. It is this note and mortgage that are the subject matter of this law suit. Upon the death of Mr. Haag in 1963, Mrs. Haag became the sole owner of the note and mortgage by right of survivorship. Approximately one year later in 1964 Mrs. Haag executed an assignment of the note and mortgage, giving an undivided one-half interest to Mrs. Dahlquist and an undivided one-half interest to Mrs. Davis. The purpose of this assignment is an issue in this lawsuit. Mrs. Dahlquist and Mrs. Davis contend Mrs. Haag wanted to make a complete assignment to Mrs. Davis but was prevented from doing so by Mrs. Dahlquist's husband. At the time the assignment was made Mrs. Haag was in poor health and living with Mrs. Dahlquist. For her to continue to live with Mrs. Dahlquist, Mr. Dahlquist insisted that half of the mortgage be assigned to Mrs. Dahlquist. This was done but it is further contended that an oral condition was attached to the assignment. The substance

- 2 -

of the condition was that when Mrs. Haag went to live with Mrs. Davis, Mrs. Dahlquist would assign her one-half interest to Mrs. Davis. As security for this assignment Mrs. Dahlquist was to take out a life insurance policy on herself in favor of Mrs. Davis, which was done. On August 22, 1966, Mrs. Dahlquist executed an assignment of her interest in the note and mortgage to Mrs. Davis. The assignment was recorded on October 5, 1966, and it is this assignment that is claimed to be fraudulent as to Mrs. Dahlquist's creditor by the Trustee in Bankruptcy.

The issue in this case at trial and on appeal was that the assignment was a fraudulent conveyance in terms of the bankruptcy laws and the laws of Montana. This case is brought by the Trustee in Bankruptcy on behalf of D. A. Davidson Co. a creditor of Mrs. Dahlquist. Under section 67 of the Federal Bankruptcy Act the Trustee has the option of bringing the suit either in the United States District Court or, as was done in this case, the state court:

> "For the purpose of any recovery or avoidance under this section, where plenary proceedings are necessary, any State court which would have had jurisdiction if bankruptcy had not intervened and any court of bankruptcy shall have concurrent jurisdiction." Bankruptcy Act, section 67(e); 11 U.S.C. § 107(e).

The effect of this concurrent jurisdiction is to allow the Montana courts to apply the bankruptcy legislation in making their determination. In fact it may be required to do so, the Court of Appeals held in a decision concerning an application of section 67 to a transfer, as quoted in Britt v. Damson, 334 F.2d 896, 902 (9th Cir. 1964):

> "The question of whether a particular occurrence is a 'transfer' within the meaning of the Act is a matter of federal characterization. (Citation omitted) Therefore in deciding whether the occurrence in question was a 'transfer' we are not concerned with what label Washington law

- 3 -

has placed upon occurrences of this kind. We
do however, look to Washington law to deter-
mine what was actually done as a preliminary
to applying the tests of 'transfer' set out
in section 1(30) of the Act."

In effect, therefore, the district court will determine under Montana law what was done and apply the Bankruptcy Act to determine what the effect of the actions was.

In reviewing this cause we are limited to a determination that there was sufficient credible evidence to support the court's finding and that it correctly applied those facts to the law. This is in conformity with the rule established in Morrison v. City of Butte, 150 Mont. 106, 111-112, 431 P.2d 79, where this Court said:

"Thus, there is a conflict in the testimony from
which different conclusions could be drawn. The
credibility of witnesses and the weight to be
given their testimony are for the trial court,
(citation omitted). This court will not overturn
the holding or findings of a trial court unless
there is a decided preponderance of the evidence
against them, and, when the evidence furnishes
reasonable grounds for different conclusions,
findings will not be disturbed.(citation omitted)"

What we are saying is that this Court will not substitute its judgment for that of the trial court when there are reasonable grounds for its ruling.

The portion of the Bankruptcy Act applicable to this case is section 67(d)(2), 11 U.S.C. § 107(d)(2) and reads:

"Every transfer made and every obligation incurred
by a debtor within one year prior to the filing
of a petition initiating a proceeding under this
Act by or against him is fraudulent (a) as to
creditors existing at the time of such transfer
or obligation, if made or incurred without fair
consideration by a debtor who is or will be thereby
rendered insolvent, without regard to his actual
intent * * *."

Following through in the same manner as the statute the first question presented is what was the date of the transfer. Mrs. Dahlquist and Mrs. Davis advance the argument that the date of

- 4 -

the transfer was August 22, 1966, the date the assignment was signed. The trustee argues for a later date, October 5, 1966, when the assignment was recorded in Liberty County. The response to this argument by the defendants is that a recording is not required under Montana Law to make an assignment effective. This argument is correct under Montana Law, but as stated earlier the Federal Bankruptcy Legislation must also be considered. Under section 67(d)(5), a transfer is not effective until no subsequent transferee or purchaser could acquire a superior interest than that of the original transferee. The statute states:

> "For the purposes of this subdivision (d), a transfer shall be deemed to have been made at the time when it became so far perfected that no bona fide purchaser from the debtor could thereafter have acquired any rights in the property so transferred superior to the rights of the transferee therein * * *." 11 U.S.C, § 107(d)(5).

Therefore while a recording is not necessary under section 55-114, R.C.M. 1947, to make the assignment effective among the parties, it must be recorded to cut off subsequent interests as borne out by our recording statute, section 73-202, R.C.M. 1947, which says:

> "Every conveyance of real property, other than a lease for a term not exceeding one year, is void against any subsequent purchaser or encumbrancer, including an assignee of a mortgage, lease, or other conditional estate, of the same property, or any part thereof, in good faith and for a valuable consideration, whose conveyance is first duly recorded."

The assignment was introduced into evidence and the recording stamp by the clerk and recorder of Liberty County shows that it was recorded on October 5, 1966. That being the case the trial court was correct in finding that for the purposes of this suit the effective date of the assignment was October 5, 1966.

- 5 -

Determining that the date of the assignment was October 5, 1966, the next question is whether Mrs. Dahlquist was insolvent on that date. The test under the Bankruptcy Act and the Montana statutes appears to be the same; that is whether the liabilities of the person exceed his assets. Bankruptcy Act, § 67(d)(1)(d), Section 29-102(1); R.C.M. 1947. On the issue of insolvency the judge found:

> "16. On August 22, 1966, HAZEL MARGUERITE DAHLQUIST possessed assets with a fair market value of approximately $14,895.00, and had liabilities in the amount of approximately $69,277.00, which included contingent liabilities in the sum of $59,000.00. About the same liabilities and assets existed on October 5, 1966, with an additional liability to D. A. Davidson and Company in excess of $20,000.00."

In reviewing the record there is ample evidence to support this finding. Mrs. Dahlquist was called by the plaintiff as an adverse witness and she testified to the figures contained in the court's findings and the petition she made for bankruptcy was introduced which showed those same figures. There was no contradictory evidence introduced by Mrs. Dahlquist to show that she was not insolvent so the finding will be allowed to stand.

The next question then is whether the assignment was supported by fair consideration. Section 67(d)(1)(e) of the Bankruptcy Act defines fair consideration as:

> " * * * consideration given for the property or obligation of a debtor is 'fair' (1) when, in good faith, in exchange and as a fair equivalent therefor, property is transferred or an antecedent debt is satisfied, or (2) when such property or obligation is received in good faith to secure a present advance or antecedent debt in an amount not disproportionately small as compared with the value of the property or obligation obtained." 11 U.S.C., § 107(d)(1)(e).

The Montana provision in section 29-103, R.C.M. 1947, is the same except for introductory language. Other than the testimony concerning the condition attached to the assignment there is

- 6 -

nothing in the record concerning consideration. When Mrs. Haag went to live with Mrs. Davis, Mrs. Davis took a mortgage on Mrs. Dahlquist's car to secure the payments for Mrs. Haag's care. The testimony was that Mrs. Dahlquist had the sole responsibility for the care of Mrs. Haag.

The only other thing that would support the assignment was the condition that Mrs. Dahlquist would reassign when Mrs. Haag went to live with Mrs. Davis. In this respect the district court found that there was not sufficient evidence to support such a conclusion. The only real evidence to support the contention other than the testimony of the defendants was the introduction of the insurance policy in the amount of $10,000, with Mrs. Davis as the beneficiary. The district court made its finding on this same evidence and as stated earlier, we will not substitute our judgment for the court's judgment when there is a reasonable ground for such conclusion. In support of the trial court's decision is the prior testimony of Mrs. Dahlquist, in another proceeding which was introduced by the plaintiff, to the effect that after she received the money she could do anything she wanted with it, and there were no conditions attached.

There is nothing else in the record which would concern a "fair consideration" for the transaction. Therefore it can be determined that Mrs. Dahlquist was insolvent at the time the assignment was made and there was no consideration for the transaction. This being so the judgment of the trial court will be affirmed.

The plaintiff presents several other legal theories upon which the judgment could be affirmed but we do not believe it is necessary to discuss all of them in light of our foregoing opinion.

- 7 -

_(signature)_

Chief Justice

We concur:

_(signatures)_

Associate Justices