No. 12408

IN THE SUPREME COURT OF THE STATE OF MONTANA

1973

---

CITY OF MISSOULA,
a Municipal Corporation,

Plaintiff and Respondent,

-vs-

JAMES S. ROSE and DORCAS A. ROSE,

Defendants and Appellants.

---

Appeal from: District Court of the Fourth Judicial District,
Honorable Jack L. Green, Judge presiding.

Counsel of Record:

For Appellants:

Skelton and Knight, Missoula, Montana
Robert Skelton argued, Missoula, Montana
Edwin E. Multz argued, Missoula, Montana

For Respondent:

Boone, Karlberg and Haddon, Missoula, Montana
Sam Haddon argued, Missoula, Montana
Fred C. Root, Missoula, Montana

---

Submitted: September 27, 1973

Decided: FEB 21 1974

Filed: FEB 21 1974

*Thomas J. Kearney*
Clerk

Honorable Alfred B. Coate, District Judge, sitting in place of Mr. Justice John C. Harrison, delivered the Opinion of the Court.

This action involves the proper construction of an easement deed for land in Missoula County, Montana. In 1963 the respondent, hereafter called the City, created a Special Improvement District for the purpose of constructing a sanitary sewer line to extend city sewer service to the real property that is the subject of this litigation. On October 5, 1963, the appellant's predecessor in interest granted and conveyed, by a written instrument to the City " * * * a permanent easement and right-of-way, for the purpose of constructing, maintaining and removing a sanitary sewer line as now surveyed and located, over, under and across all that portion of the following described premises lying southwest of the following described line * * *". Thereafter followed a legal description of the land subject to the easement. That legal description was erroneous. The City had the sewer line constructed and the construction was completed in December 1963. As constructed, the sewer line entered on the property from its western boundary and extended across the property for about one-third of its width terminating with a manhole at the eastern most end of the sewer line. All of the land to the east of the property was agricultural at that time. Subsequently, the agricultural land was subdivided and sold for building sites. The present owners of these building sites applied to the City for the creation of a Special Improvement District to extend city sanitary sewer services to their property. In 1972 the City created another Special Improvement District and construction of the sewer line was commenced with the intention of connecting the second sewer line to the eastern terminus of the city sewer system, which was on appellant's land.

Appellants are the assignees of the purchaser of the land

in question under a contract for deed entered into in 1967 and are in actual possession of the property. Appellants denied the City's right to come on the property for the purpose of extending the sewer from its terminus to the property's eastern boundary.

The City brought this action to obtain a declaratory judgment of the written easement and to obtain injunctive relief. Judgment was for the City and this appeal was taken.

Appellants have presented four issues on this appeal. After careful consideration, it is our opinion that this appeal presents two questions for our determination. First: Does the evidence sustain the trial court's judgment? Second: What construction should be given to a deed that contains an erroneous legal description of the land subject to the grant?

We have consistently held that this Court cannot substitute its weighing of the evidence for that of the trial court. Where there is a conflict in the evidence, the findings of the trial court are presumed to be correct if supported by the evidence most favorable to the prevailing party. Raucci v. Davis, _____ Mont. _____, 505 P.2d 887; 30 St. Rep. 133; Patterson v. Halterman, _____Mont._____, 505 P.2d 905, 30 St. Rep. 139; Hellickson v. Barrett Mobile Home Transport, Inc., _____Mont._____, 507 P.2d 523, 30 St. Rep. 289. The fact that there was a conflict in the testimony does not justify a reversal where there is sufficient evidence to support the trial court's findings of fact.

Appellant's answer to the complaint placed in issue the question of the faulty legal description of the land subject to the easement. Appellant argues that an improper land description in the easement creates an easement by user only. The City argues that the written easement is controlling if the faulty description can be corrected by proper surveying techniques.

It has long been the rule in this jurisdiction that courts

are to interpret written contracts to give effect to the intent of the parties, rather than attempting to alter or amend the contract for the parties. Emerson-Brantingham I. Co. v. Raugstad, 65 Mont. 297, 211 P. 305. In Wyrick v. Hoefle, 136 Mont. 172, 174, 346 P.2d 563, this Court, quoting from Hochsprung v. Stevenson, 82 Mont. 222, 266 P. 406, said:

> "'The intention of the grantor in a deed is to be gathered from a consideration of the entire instrument, taking into consideration all of its provisions, and every part must be given effect if reasonably practicable and consistent with its evident purpose and operation, "not, indeed, as it is presented in particular sentences or paragraphs, but according to its effect when viewed as an entirety."'"

The land description, although erroneous, could be determined pursuant to the provisions of section 93-2201-4(2) and (6), R.C.M. 1947. The trial court properly ordered a survey of the land in question so the intent of the parties to the easement could be effectuated.

The judgment of the trial court is hereby affirmed.

_____
Hon. Alfred B. Coate, District
Judge, sitting in place of Mr.
Justice John C. Harrison.

We concur:

_____
Chief Justice

_____

_____

_____
Justices

- 4 -