No. 80-418

IN THE SUPREME COURT OF THE STATE OF MONTANA

1981

IN THE MATTER OF THE ESTATE OF
JACK LYLE PELTOMAA, Deceased.

Appeal from: District Court of the Second Judicial District,
In and for the County of Silver Bow, The Honorable
Arnold Olsen, Judge presiding.

Counsel of Record:

For Appellant:

W. D. Murray, Jr., Butte, Montana

For Respondent:

Neil J. Lynch, Butte, Montana

Submitted on Briefs: April 22, 1981

Decided: JUN 17 1981

Filed: JUN 17 1981

Thomas J. Kearney
Clerk

Mr. Justice Gene B. Daly delivered the Opinion of the Court.

This appeal arises from an order of the Silver Bow County District Court, the Honorable Arnold Olsen presiding, wherein the court dismissed appellant's petition for formal intestacy proceedings, after finding that appellant was not the common-law wife of the deceased, Jack Lyle Peltomaa, and had no interest in his estate.

Jack L. Peltomaa died intestate on June 11, 1979. Decedent's brother, respondent herein, filed an application for informal appointment of personal representative on August 1, 1979. On the same day, letters were issued appointing respondent personal representative.

Upon learning of the application and appointment, appellant, Debbie Guardipee, on March 19, 1980, filed a petition for formal determination of intestacy, determination of heirs, for supervised administration, and appointment of personal representative. In filing the petition for formal proceedings, appellant sought to have herself determined to be the surviving common-law spouse and, therefore, heir and to have herself appointed personal representative under a supervised administration of the estate.

Respondent filed objections to the petition and brought to the court's attention an agreement signed by both appellant and respondent. The agreement was dated June 15, 1979, and provided:

> ". . . in view of the renunciation by DEBBIE GARDIPEE [sic] [appellant] in the Estate of JACKIE LYLE PELTOMAA, the PELTOMAA FAMILY conveys to DEBBIE GARDIPEE [sic] all of the household and personal property that may be in the possession of the PELTOMAA FAMILY because of the death of JACKIE LYLE PELTOMAA.

"The PELTOMAA FAMILY will pay for any outstanding debts that DEBBIE GARDIPEE [sic] may have at the present time."

After a hearing, the District Court denied all of appellant's contentions concerning her status as the surviving common-law spouse and dismissed her formal petition, granting respondent the right to continue an informal administration of the estate as personal representative.

The main issue before this Court is whether the District Court erred in failing to find appellant the decedent's common-law wife. In this regard, appellant alleges that the existence of a marital relationship between her and the decedent is supported by the following evidence and testimony presented to the District Court during the hearing on the petition:

(1) Appellant testified that she had lived with the decedent from February 1976 until his death and that she considered herself married to him. Appellant further testified that the decedent represented to others that appellant was his wife; that the decedent's aunt introduced her to some friends as Debbie Peltomaa; and that title to her car was in both appellant's and the decedent's name (the actual title was never produced at trial).

(2) Respondent testified that various debts paid in behalf of appellant, in accordance with the June 15, 1979, agreement, represented monies owed by both appellant and the decedent. In particular, respondent testified that a Household Finance bill represented monies obtained by appellant and the decedent to pay for the purchase of a television and to pay for their moving expenses. Appellant

also points to testimony by respondent that he and his family have paid appellant $1,000, partially obtained from the selling of the trailer decedent was living in at the time of his death. (Appellant admitted, however, that title to the trailer was in decedent's name, although the rented space was in both their names. Respondent contends the title was not in appellant's name or in the decedent's name.)

(3) A periodic statement from Mountain Bell Federal Credit Union was submitted indicating payments made on a loan given to appellant under the name Debbie K. Peltomaa.

(4) Appellant introduced a hospital bill dated April 24, 1979, which lists appellant's name as Mrs. Debbie K. (Guardipee) Peltomaa and which indicates that Jack L. Peltomaa is her husband. Appellant contends the bill also shows that the decedent maintained a medical insurance policy on her as his wife. (Upon examination of the bill, however, we should note it merely lists Jack Peltomaa as the "responsible party or next of kin" and states: "doesn't know what kind" of insurance is available. There is no indication on the bill that appellant was actually covered by an insurance policy as the decedent's wife.)

(5) Appellant also introduced a 1978 federal income tax return filed jointly by decedent and appellant as husband and wife.

Respondent claims that in light of all the above evidence, appellant has still failed to establish the existence of a common-law marriage.

In support of his position, respondent contends that his brother never considered himself married and was merely

-4-

living with appellant. Respondent further argues that appellant only represented herself as Mrs. Peltomaa when it was to her financial benefit (i.e., in borrowing money or in filing a joint tax return) and points out that the only testimony used in support of appellant's position are her own self-serving statements. If appellant had been living with the decedent as husband and wife for over three years, why was she unable to produce another witness to corroborate her allegations?

Respondent also notes testimony to the effect that appellant was not living with the decedent at the time of his death; that after being informed of decedent's death, appellant indicated that their relationship was already at an end; that appellant did nothing about the funeral arrangements and that she signed the June 15 agreement, renouncing any interest in decedent's estate with the name Debbie Guardipee, not Debbie Peltomaa.

To establish a common-law marriage it has been held that the proponent must prove:

> ". . . that the parties were capable of consenting to the marriage and there was mutual and public assumption of the marital relation. The marriage must take immediately and it cannot be created piecemeal. It comes instantly into being, or it does not come at all; and its parties must enter into a course of conduct to establish their repute as husband and wife." In Re McClelland (1975), 168 Mont. 160, 164-165, 541 P.2d 780, 783.

See also Miller v. Townsend Lumber Co. (1968), 152 Mont. 210, 448 P.2d 148; Elliot v. Industrial Accident Board (1936), 101 Mont. 246, 53 P.2d 451.

In considering the testimony and evidence presented in this matter, we note that the facts used to support the existence of a common-law marriage are mere isolated

instances in which appellant allegedly represented herself as decedent's wife. The facts fail to show any specific agreement between appellant and the decedent concerning marriage; they do not estabish a continuous marital relationship and are in conflict with testimony presented by respondent.

This Court has consistently held that the evidence presented at the trial court must be viewed by us in a light most favorable to the prevailing party. If there is credible evidence consistent with the findings of the District Court, those findings will not be disturbed on appeal. See Olson v. Westfork Properties, Inc. (1976), 171 Mont. 154, 557 P.2d 821; City of Missoula v. Rose (1974), 164 Mont. 90, 519 P.2d 146. In so reviewing the proceedings of the lower court here, we find no error in the District Court's conclusion that appellant and the decedent never consummated, either formally or informally, a marital relationship.

Appellant has raised a second issue on appeal in contending that the District Court was in error for dismissing her petition for formal proceedings. In rejecting appellant's argument, we need only note that appellant's alleged interest in the estate of the decedent is based solely on her contention that she is a surviving spouse. Having already determined that appellant and decedent never consummated a marital relationship, and in further acknowledging the existence of appellant's signed renunciation agreement, this Court must agree with the District Court's conclusion that appellant has no interest in the estate and find that the petition was properly

-6-

dismissed.

The order of dismissal as entered by the District Court is affirmed.

_____
                          , Justice

We concur:

_____
            Chief Justice

_____

_____

_____
            Justices