HARRIET HORNUNG, Plaintiff and Respondent, *v.* ESTATE OF VICTOR H. LAGERQUIST, Deceased, Defendant and Appellant.

No. 11842.
Submitted June 22, 1970.
Decided July 27, 1970.
473 P.2d 541.

Mulroney, Mulroney & Delaney, Dexter L. Delaney (argued), Missoula, for defendant and appellant.

Boone, Karlberg & Haddon, William T. Boone (argued), Missoula, for plaintiff and respondent.

MR. JUSTICE HASWELL delivered the Opinion of the Court.

Appeal by the coexecutors of an estate from an adverse judgment on a rejected creditor's claim. The district court of Ravalli County, the Hon. Jack L. Greene, presiding without a jury, entered judgment holding the estate of a divorced father liable for support money payments during the minority of his child accruing after the father's death, denying the estate any offsets. From this judgment, the estate appeals.

Plaintiff is Harriet Hornung, formerly Harriet Lagerquist, the mother of the minor child for whose support the instant creditor's claim was filed. Defendant is the estate of Victor H. Lagerquist, the deceased father of the minor child.

The marriage between plaintiff and Victor H. Lagerquist was terminated by decree of divorce on June 4, 1965, in the district court of Ravalli County. The divorce decree granted custody of the minor child to plaintiff and ordered Victor H. Lagerquist to pay plaintiff "the sum of $100.00 a month for the support and maintenance of said [minor child] during his minority".

The decree further recited that Victor H. Lagerquist "has paid to the Plaintiff the sum of $5,000.00 which is approved by the court in lieu of and in final satisfaction of any claim of Plaintiff against [Victor H. Lagerquist] for permanent support or alimony and that the Plaintiff has executed and filed herein a release of all claims which release is specifically approved by the Court, a copy annexed hereto, and by this reference made a part of this Decree." The release itself stated that the plaintiff has released Victor H. Lagerquist of any and all claims of all kinds "except for periodic child support payments as the above entitled Court may adjudge for the support and maintenance of [the minor child] ". The divorce decree was never modified.

During his lifetime Victor H. Lagerquist made all child support payments due under the divorce decree. He died testate on January 5, 1968 in Ravalli County leaving an estate, including joint tenancy property, valued in excess of $400,000. Under the terms of his will bequests of $1.00 were made to his mother and to his minor child, the bequest to the latter reading as follows:

"THIRD. I give, devise, and bequeath unto my son, Victor Harold Lagerquist, the sum of One Dollar ($1.00) and no more, knowing that he is otherwise provided for and having myself made other provisions for him."

Except for these two bequests, the entire residue of his estate was bequeathed to his two brothers and two sisters, two of whom are the coexecutors of his estate.

Three policies of life insurance on the life of the minor child were in effect at the time of the death of Victor H. Lagerquist. Decedent was the owner and beneficiary of two of the policies, each of which had a face value of $25,000 and each of which provided that upon decedent's death, plaintiff would become owner and beneficiary. These policies were surrendered to plaintiff by the coexecutors upon decedent's death. At the time of his death these two policies had a total cash surrender value of $3,512. Plaintiff thereafter surrendered these policies and

received the cash surrender value. Neither policy contained any restriction concerning the use of the proceeds by plaintiff.

The third policy on the life of the minor child was in the face amount of $100,000 with a cash surrender value of $5,329 at the time of decedent's death. Decedent was the owner and beneficiary of this policy until the child became 21 or until decedent died, in either of which events the child became owner and beneficiary Plaintiff had no right or interest in this policy.

No child support payments were made by the estate or the co-executors following the death of Victor H. Lagerquist on January 5, 1968. In June, 1968, plaintiff timely filed a creditor's claim for 6 months' accrued and past due child support payments in the total amount of $600, and future support money payments for the minor child thereafter until his majority or alternatively for the present value of such future child support payments in the sum of $12,415. The minor child was 8 years old at the time of his father's death. The claim was rejected in its entirety by one of the coexecutors.

Following rejection of the creditor's claim, plaintiff filed suit against the estate of Victor H. Lagerquist seeking judgment on the creditor's claim. A motion by defendant for dismissal of the action was denied by the district court. Defendant answered, asserting four defenses. (1) failure to state a claim, (2) a general denial of further liability for child support following decedent's death, (3) receipt of benefits by plaintiff from decedent during his lifetime exceeding in value the amount plaintiff now claims, and (4) receipt of assets by plaintiff as a result of decedent's death in the amount of $8,841, constituting a setoff against the amount plaintiff now claims.

The case came on for trial before Judge Green, sitting without a jury, on July 18, 1969. Witnesses were sworn and examined on behalf of both parties and various exhibits were received in evidence. Following conclusion of the testimony, both parties submitted proposed findings of fact, conclusions of law and briefs. On November 12, 1969 the district court entered its own

findings of fact, conclusions of law, and judgment in favor of plaintiff. The judgment awarded plaintiff (a) the sum of $2,300 for accrued child support payments from date of decedent's death to date of judgment, (b) the further sum of $100 per month thereafter as long as the minor child shall live terminating on his 21st birthday, and (c) costs. Defendant now appeals from this final judgment.

Two basic issues are posed in this appeal: (1) Is the estate of a deceased father liable for child support payments awarded in a divorce decree which accrue after his death? (2) Is the estate entitled to offset the cash surrender value of the three life insurance policies against such liability, if any?

On the first issue, defendant's basic position is that no claim against a divorced father for future support of his minor child survives the father's death, at least in the absence of an express statute or an express agreement to the contrary. Defendant argues that the obligation of a father to support his minor child found its inception in the common law and under the common law ceased upon the death of the father. Additionally, defendant argues that a divorce decree containing a provision for child support is a judgment in personam, is not a "final judgment", and creates no lien against the divorced father's property during his lifetime nor against his estate after his death. Finally, defendant contends that policy considerations require that a child of divorced parents be placed in no more preferential position than a child of undivorced parents and as the latter parents can terminate any further support obligations after death by will, so should the former be able to do so. Prompt administration, distribution, and closing of the estates of deceased persons likewise foreclose any continuing obligation of support, according to defendant.

At the outset we note that the district court's conclusions of law that the support obligation contained in the divorce decree survives the deceased father's death is bottomed on the district court's findings of fact number XI which reads:

"The Court further finds that the provision in decedent's Last Will and Testament for his minor son, the same being set out in finding number VII, reasonably interpreted, expresses his recognition of his obligation to support his son during the period of the son's minority as required in the said decree of divorce."

The provision of the will alluded to and contained in finding number VII reads:

"THIRD: I give, devise, and bequeath unto my son, Victor Harold Lagerquist, the sum of One Dollar ($1.00) and no more, knowing that he is otherwise provided for and having myself made other provisions for him."

Thus the substance of the district court's finding of fact number XI was that the father himself by the provision of his will recognized his continuing obligation under the divorce decree for support of his minor child after his own death.

That the divorce decree itself provided for a continuing obligation of support notwithstanding the father's death is apparent from its language. The decree required the father to pay to the mother "the sum of $100.00 a month for the support and maintenance of said [minor child] during his minority". The required monthly support payment was for a fixed and stated period of time without qualification—during the child's minority. Such language has influenced other courts to conclude that the support obligation created thereby survives the death of the father. See Ramsey v. Sims, 209 Ga. 228, 71 S.E.2d 639; Spencer v. Spencer, 165 Neb. 675, 87 N.W.2d 212; Gainsburg v. Garbarsky, 757 Wash. 537, 289 P. 1000.

A collation of cases from other jurisdictions on the general subject of the death of a parent as affecting a divorce decree providing for the support of a minor child under a variety of circumstances appears in 18 AL.R.2d 1126 and in 2 A.L.R.2d, Later Case Service, 1208, 1209. As our decision on the first issue

is confined to the circumstances of the instant case and the district court's findings and conclusions herein, no purpose would be served by a general discussion of this broad subject.

Confining ourselves then to the facts of the instant case, we find ourselves confronted with a case wherein there is, on the date of the divorced father's death, an existing divorce case requiring him to pay a fixed monthly amount for his child's support during the child's minority without exception or qualification. We have a release by the wife approved and incorporated in the decree releasing the father and his estate from all claims "except for periodic child support payments as the above entitled Court may adjudge for the support and maintenance of [the minor child]". We have an express finding by the court that the father recognized his continuing child support obligation after his death during the child's minority as provided in the decree; and we have the provision in the father's will evidencing such continuing obligation. Under such circumstances, we hold that the father's obligation to make the child support payments required by the divorce decree survived his death and is enforceable against his estate in the instant case.

Defendant's argument that the obligation of a father for child support is based on the common law which terminates such obligation on the death of the father is without merit. Conceding this to be the common law, the obligation contained in the decree, whatever its derivation, is now statutory. Section 21-138, R.C.M. 1947; Trudgeon v. Trudgeon, 134 Mont. 174, 329 P.2d 225. That the district court has the statutory power to subject the property of the husband and wife, or that of the marital offender alone, to the support and education of the minor children of the marriage is express. Section 21-142, R.C.M.1947. Possessing this statutory power, we perceive no reason why the district court cannot make the obligation a continuing one during the child's minority The underlying purpose to be subserved is to provide for the support of the child during minority; and the needs of the child for support are equally as great in the case of

the child whose divorced father dies as in the case where the divorced father survives. Having exercised its power to make the support obligation a continuing one surviving the father's death by the provisions of the divorce decree, the district court cannot now be denied enforcement of this obligation against the father's estate. For precisely the same reasons, defendant's argument that the decree is in personam, not a final judgment, and creates a lien against the estate likewise fails in the situation here presented.

Defendant argues that to hold as we have here, places the child of divorced parents in an unwarranted preferential position as compared to the child whose parents are not divorced. This contention is based on the argument that while the divorced father of a child cannot terminate his support obligation upon death by the provisions of his will, the undivorced father of a child can effectively terminate any future support obligation by disposing of his property to others in his will. Be that as it may, there are sound reasons grounded in human experience for affording additional legal protection to the child of divorced parents. While it is comparatively rare for the undivorced father of a minor child to leave his property to others than his surviving widow or children, it is not so uncommon for a divorced father to eliminate his ex-wife and their children from the provisions of his will. Thus any preferential position of the child of divorced parents is predicated on sound public policy.

Nor does the prompt administration, distribution, and closing of estates require us to hold otherwise. In any event, such considerations are subordinate to the enforcement of support obligations for the benefit of minor children. Additionally, the enforcement of an obligation for future support presents no greater claim problems than any other unliquidated claim against an estate. These can be reduced to a specific sum, if necessary, by agreement, suit or compromise foreclosing undue delay; or

substantial distribution can be made, withholding such assets as may be necessary to satisfy support claims.

The second issue for review concerns whether defendant can offset the cash surrender value of the three life insurance policies against the support money obligation. Defendant contends the estate is entitled to this offset in the amount of $8,841 against the judgment herein for child support because decedent had created this cash surrender value during his lifetime by procuring the policies and paying the premiums for the benefit of his son.

The district court's finding of fact number X is the basis for its denial of this offset and such finding reads as follows:

"The Court finds that there is no evidence to indicate any intention on the part of the decedent to substitute any benefits which the plaintiff received under the two life insurance policies, for the support money that he was required to pay under the said divorce decree or that his legal obligation under said decree would in any way be terminated, reduced or affected by any of the three insurance policies."

Although defendant has not excepted to the findings of fact nor moved to amend or modify them, we do not rest our decision on this technical ground but proceed to review this issue on its merits. Our duty in reviewing findings of fact in a civil action tried by the district court without a jury is confined to determining whether there is substantial credible evidence to support them. State Highway Com'n. v. West Great Falls Flood Control and Drainage District, 155 Mont. 157, 468 P.2d 753, 27 St. Rep. 320 and cases therein cited. The burden of proving an offset is on the party seeking to establish it, in this case the defendant.

The district court found in substance that decedent did not intend to reduce or affect his continuing legal obligation to support his minor child by the purchase of the two life insurance policies having a cash surrender value of $3,512 on the date of his death, which were subsequently surrendered by

plaintiff for their cash surrender value. The third policy insuring the life of the minor child in the face amount of $100,000 and having a cash surrender value of $5,320 on the date of decedent's death obviously was not intended to reduce decedent's support obligation because plaintiff, to whom the support obligation was payable, had no interest therein as owner, beneficiary or otherwise.

Although the evidence is to an extent conflicting as to the intention of the divorced father in procuring the other two life insurance policies, there is substantial credible evidence supporting the district court's finding of fact number X. The policies insured the life of the minor child and not the life of the divorced father. While it is true the cash surrender value of these two policies ultimately was realized by plaintiff mother to whom the child support obligation was payable under the divorce decree, a person does not ordinarily purchase a life insurance policy for its cash surrender value. Unless this was the divorced father's purpose here, it can hardly be contended that he purchased the policies to reduce his child support obligation accruing after his death. Even granting the two policies were purchased for his son's benefit, it is pure speculation unsupported by any evidence that decedent intended thereby to reduce his child support obligations in the decree.

The correct rule requires a bequest to the child in excess of that due for support, together with a manifested intention that such bequest shall satisfy the continuing obligation of the father's estate for the support of the minor child, in order to entitle the estate to an offset. See 24 Am.Jur.2d, Divorce and Separation § 875, p. 996; Taylor v. George, 34 Cal.2d 552, 212 P.2d 505. In the instant case, neither appears so the offset fails.

The judgment of the district court is affirmed.

MR. CHIEF JUSTICE JAMES T HARRISON, and MR. JUSTICES CASTLES, JOHN C. HARRISON and DALY, concur.