No. 13326

IN THE SUPREME COURT OF THE STATE OF MONTANA

1976

---

FRED OLSON,

Plaintiff and Appellant,

-vs-

WESTFORK PROPERTIES, INC.,
a Montana Corporation,

Defendant and Respondent.

---

Appeal from:  District Court of the Eighteenth Judicial District,
Hon. W. W. Lessley, Judge presiding.

Counsel of Record:

For Appellant:

Landoe, Gary and Planalp, Bozeman, Montana
Robert Planalp argued, Bozeman, Montana

For Respondent:

Berg, Angel, Andriolo and Morgan, Bozeman, Montana
Charles Angel argued, Bozeman, Montana

---

Submitted:  October 14, 1976

Decided:  NOV 3 0 1976

Filed:  NOV 3 0 1976

Thomas J. Kearney
Clerk

Mr. Justice John Conway Harrison delivered the Opinion of the Court.

This action involves an attempted foreclosure of a mechanic's lien again property of a corporation by a contractor. The district court, Gallatin County, entered findings of fact, conclusions of law and judgment for defendant corporation.

On October 6, 1973 plaintiff Fred Olson and defendant Westfork Properties, Inc., entered into a contract to install sewer and water lines on Westfork's property, a subdivision near the Big Sky recreation area. Plaintiff Olson was to supply men and equipment while Westfork supplied all required materials and some equipment including a tractor, lowboy trailer and a backhoe operated by a Westfork employee, for the project.

Plans and specifications were drawn for the project by the firm of Thomas, Dean & Hoskins, professional engineers. An employee of the firm, James A. Cummings, a registered professional engineer, was assigned to supervise the project and insure specifications were met.

Plaintiff was to receive $3 for each installed and approved lineal foot of line, with payments to be made on the 10th of each month following submission of a statement on the last day of the month preceding. Ten percent of each payment was retained by defendant corporation as a "holdback", to be paid to plaintiff no later than 30 days after satisfactory completion of the entire project.

The contract required all work be done according to specifications which required (1) backfill of subgrade leaving no rocks or stones within 6 inches of the finished subgrade

- 2 -

elevations to interfer with later road construction; (2) the contractor was to clean up the area and leave it essentially in the same condition as when the project began, which included an obligation to remove all rocks brought to the surface in the course of his excavation; (3) all backfill was to be compacted to contract specifications; and (4) all lines were to be subjected to a hydrostatic pressure test after backfilling was completed. Olson was obligated to repair any lines that failed these tests.

Olson began work on the project about 10 days after the agreement was executed. Monthly billings were submitted and as of August 4, 1974, the total billings amounted to $92,786.66, of which Olson had been paid $81,860.99, with Westfork holding back $10,925.67 pending satisfactory completion of the project. The statement submitted by Olson on August 4, 1974, indicated he considered the project to be completed. Testimony at the district court trial indicates the contract had not been completed to the satisfaction of Westfork or engineer Cummings, because there was a 616 foot section of water line in the project which had failed the hydrostatic tests and also because the cleanup work required by the contract was not satisfactory.

No further installation or cleanup work was done on Westfork's property after August 4, 1974. Olson did return to the property to complete testing of the lines and to attempt location and repair of the leak in the section which failed hydrostatic tests. Three days were spent in an unsuccessful search for the leak, until November 27, 1974, when Olson and his crew were last on this project.

Olson filed a mechanic's lien on February 25, 1975 on the property owned by Westfork and subsequently filed an action to

foreclose his lien, claiming $11,096.66 plus interest and reasonable attorney fees. Westfork's answer asserted the lien was null and void and contained a counterclaim seeking damages of $18,733.85 sustained in correction of alleged deficiencies in work performed. The district court issued findings of fact and conclusions of law awarding $9,812 to Westfork, to be withheld from the $10,925.67 "holdback". In addition, the court concluded Olson was not entitled to a valid lien because the project was not completed to the satisfaction of Westfork and in compliance with the plans and specifications. The district court also concluded the lien had not been filed within 90 days after the last labor and machinery was furnished by plaintiff in installation of the water and sewer lines.

This Court's function in reviewing findings of fact in a civil action tried by the district court without a jury is not to substitute its judgment in place of the trier of facts but rather it is "confined to determining whether there is substantial credible evidence to support" the findings of fact and conclusions of law. Hornung v. Estate of Lagerquist, 155 Mont. 412, 420, 473 P.2d 541. See also: Transamerica Ins. Co. v. Glacier Gen. Assurance Co., 163 Mont. 454, 461, 517 P.2d 888. Although conflicts may exist in the evidence presented, it is the duty and function of the trial judge to resolve such conflicts. His findings will not be distunbed on appeal where they are based on substantial though conflicting evidence. Fausett v. Blanchard, 154 Mont. 301, 463 P.2d 319; Clough v. Jackson, 156 Mont. 272, 479 P.2d 266; Intermountain Electric, Inc. v. Berndt, 164 Mont. 67, 518 P.2d 1168; City of Missoula v. Rose, 164 Mont. 90, 519 P.2d 146.

- 4 -

In determining whether the trial court's findings are supported by substantial evidence, this Court must view the evidence in the light most favorable to the prevailing party. Hellickson v. Barrett Mobile Home Transport, Inc., 161 Mont. 455, 507 P.2d 523; McEwen v. Big Sky of Montana, Inc., ____Mont.____, 545 P.2d 665, 33 St.Rep. 79. Substantial evidence has been defined by this Court as such as will convince reasonable men and on which such men may not reasonably differ as to whether it establishes the plaintiff's case, and, if all reasonable men must conclude that the evidence does not establish such case, then it is not substantial evidence. The evidence may be inherently weak and still be deemed "substantial", and one witness may be sufficient to establish the preponderance of a case. See: Staggers v. U.S.F. & G. Co., 159 Mont. 254, 496 P.2d 1161; Greene v. Knapp's Service, 161 Mont. 438, 440, 506 P.2d 1381.

The district court after hearing testimony granted defendant's counterclaims in the amount of $9,812. Damages awarded consisted of: (1) $4,312 for repair of the leaking section of water line; (2) $2,000 for cleanup of the area; (3) $3,000 for rental value of the tractor, lowboy, and backhoe furnished by Westfork; and (4) $500 for the cost of replacement of a number of survey markers buried or knocked down by Olson in the course of construction operations.

No evidence was offered by either party as to the cost of cleanup, also defendant conceded the evidence most favorable to it in regard to rental of the Westfork equipment will only support an award of $1,600, therefore the judgment must be reduced by $3,400. Ample evidence and testimony was offered to

support the balance of the judgment and the district court's award must stand, reduced only by the amount for which there was no evidence offered by either party.

The district court's determination regarding the invalidity of the lien filed by Olson is supported by the evidence offered at trial. A contractor cannot successfully assert a mechanic's lien upon the property where there has been only part performance or a lack of substantial performance of the work for which the party claims the lien. 53 Am Jur 2d, Mechanics' Liens, § 51; Fidelity Sav. & Loan Ass'n v. Baldwin, (Tex.Civ.App. 1967), 416 S.W.2d 482; Intermountain Electric, Inc. v. Berndt, 164 Mont. 67, 518 P.2d 1168.

Testimony offered supports the determination that plaintiff failed to complete the work contracted to be done. Several hundred feet of water line leaked, much of the rock brought to the surface during excavation was windrowed rather than removed, and compaction of backfill was not done according to contract-specifications and procedures. This Court in Western Plumbing of Bozeman v. Garrison, ____Mont.____, ____P.2d ____, 33 St. Rep. 868, 870, held:

> "* * * we find the liens were filed prematurely and are therefore invalid. In Montana the general rule is that the lien arises only upon completion of the contracted work. * * * Although substantial performance of the contracted work meets this requirement, such substantial performance is a condition precedent to liability of the homeowners."

The lien is invalid and unenforceable for failure of the contractor to substantially complete performance, therefore it is unnecessary to determine whether testing and repair work

- 6 -

extend the time period within which the lien could have been filed under section 45-502, R.C.M. 1947.

The judgment of the district court is affirmed as modified herein.

_____
Justice

We Concur:

_____
Chief Justice

_____

_____
Justices

_____
Hon. Robert C. Sykes, District
Judge, sitting for Justice Wesley
Castles.