No. 13603

IN THE SUPREME COURT OF THE STATE OF MONTANA

1977

---

BUTTE TEACHERS' UNION,
No. 332, AFL-CIO,

                    Plaintiff and Respondent,

        -vs-

BOARD OF EDUCATION OF SCHOOL DISTRICT
No. 1, Silver Bow County, Montana et al.,

                    Defendants and Appellants.

---

Appeal from:   District Court of the Second Judicial District,
               Honorable Nat Allen, Judge presiding.

Counsel of Record:

        For Appellants:

            Poore, McKenzie, Roth, Robischon  and Robinson,
             Butte, Montana
            Donald C. Robinson argued, Butte, Montana

        For Respondent:

            Maurice F. Hennessey and Robert McCarthy, Butte,
             Montana
            Maurice F. Hennessey argued, Butte, Montana

---

                            Submitted:  May 25, 1977
                              Decided:  JUL 29 1977

Filed:  JUL 29 1977

Thomas J. Kearney
                              Clerk

Mr. Chief Justice Paul G. Hatfield delivered the Opinion of the Court.

This is an appeal from a judgment of the district court, Silver Bow County, sitting without a jury, Hon. Nat Allen, presiding. The judgment ordered: (1) That the parties are bound by the contract and are required to submit the grievances filed by plaintiff to binding arbitration pursuant to Rule 44 of the contract; (2) that the arbitor, pursuant to the contract, after a hearing is empowered to make a decision as to the validity of the grievance.

Plaintiff Butte Teachers' Union No. 332, AFL-CIO, brought action against the Board of Education of School District No. 1 Silver Bow County, alleging defendant School Board had a contractual duty to arbitrate its decision to substitute time clocks for sign-in sheets as a means of reporting attendance.

The suit was brought pursuant to two collective bargaining agreements; one contract covering teachers and the other covering secretarial, clerical and computer personnel. Each contract contained identical provisions as they pertain to this suit:

"Rule 31   UNION RECOGNITION

"The Board recognizes the Union as the exclusive bargaining representative for the purpose of representing all teachers * * * as to rates of pay, salaries, hours of employment, and all other items and conditions of employment."

"Rule 44   GRIEVANCE PROCEDURE

"(a)   A grievance shall mean a complaint by an employee that (1) he has been treated unfairly or inequitably, (2) there has been a violation, misinterpretation, or misapplication of the provisions of this agreement or of established policy or practice.* * *"

The School Board proposed to establish a more efficient and accurate method for teachers and all other employees of the district to record attendance and absence from work. The time clock system

was adopted as a policy of operation and substituted for the manual sign-in sheet. Every district employee was required to punch-in at the beginning of each shift and all non-certified personnel were to punch-out at the end of their shift.

The Union opposed this policy of operation contending the time clocks were a change of the working conditions under the contract and therefore subject to arbitration. Accordingly, the Union felt this unilateral change not only violated the past attendance procedure, but also amounted to unfair and inequitable treatment. The Union requested arbitration of this change of policy. The School Board declined to negotiate or arbitrate claiming this change was a nonmandatory arbitration matter, and a managerial prerogative under section 59-1603(2), R.C.M. 1947. The School Board contended that some form of attendance procedure existed; thus, the implementing of time clocks constituted a mere substitution of one procedure for another as allowed under section 59-1603(2).

The Union sued to compel the School Board to submit this change to binding arbitration under Rule 44 and Rule 31 of the master contract. The district court ordered binding arbitration. From that order the School Board appeals.

The issues presented are:

1. Did the district court err when it required the School Board to submit to an arbitrator the question of whether it could substitute time clocks for the existing attendance procedure, pursuant to the provisions of the collective bargaining agreement between the parties?

2. Did the district court err when it required this issue to be the subject of negotiation, and if necessary, arbitration under the Collective Bargaining for Public Employees Act, section 59-1601 et seq., R.C.M. 1947.

The School Board argues the district court erred in sub-

mitting the question of time clocks to arbitration.  In McEwen v.

Big Sky of Montana, Inc., _____Mont._____, 545 P.2d 665, 668,

33 St.Rep. 79, 83, this Court discussed a situation where the

determination of the district court was in question:

> "An appellate court's function in a case
> such as this was set forth in Hornung v. Lagerquist,
> 155 Mont. 412, 420, 473 P.2d 541, 546, wherein
> this Court said:

> "'* * * Our duty in reviewing findings of
> fact in a civil action tried by the district
> court without a jury is confined to deter-
> mining whether there is substantial credible
> evidence to support them. * * *'

> "The meaning of 'substantial credible evidence'
> was thoroughly considered in Staggers v. U.S.F.&G.
> Co., 159 Mont. 254, 496 P.2d 1161.

> "In Hellickson v. Barrett Mobile Home Transp.,
> 161 Mont. 455, 459, 507 P.2d 523, 525, this Court
> said:

> "'* * * In examining the evidence, we must
> view the testimony in a light most favorable
> to the prevailing party. [citations]  However,
> while the presumption is in plaintiff's favor,
> he is also the appealing party and as such,
> the burden is upon him to overcome the pre-
> sumption of the correctness of the trial
> court's findings of fact.'"

In reviewing the district court's findings, this Court

needs only determine whether there is substantial evidence to

support the findings.  Unless there is a clear preponderance of

evidence against such findings, the Court will not reverse.

Crncevich v. Georgetown Recreation Corp., 168 Mont. 113, 541 P.2d

56, 32 St.Rep. 963.

The evidence presented by the School Board regarding an

established sign-in attendance policy shows that only approximately

1/2 of the professional people covered by the contract used some

type of sign-in procedure.  The remaining professional members of

the Union were required to do nothing.

The School Board cites Rust Craft Broadcasting of New

York, Inc. and National Association of Broadcast Employees &

Technicians, AFL-CIO, 225 NLRB No. 65, 92 Labor Relations Reference Manual (LRRM) 1576 (1976), as a case precisely identical to the instant case, and, in support of its position. While the facts are similar, a close reading reveals that in Rust Craft each employee was required to enter his or her working time manually on printed cards. Thus, while the change to a mechanical procedure for recording working time marked a departure from previous practice, the rule itself remained intact.

The instant case differs factually from Rust Craft. No attendance rule existed for each employee. The School Board failed to show an attendance procedure rule existed and every employee was subject to that rule. Instead, additional rules governing employee attendance were unilaterally promulgated, which substantially changed old rules on the same subject. Murphy Diesel Company v. N.L.R.B., 454 F.2d 303; N.L.R.B. v. Amoco Chemicals Corp., 529 F.2d 427.

The burden to overcome the correctness of the district court's findings was upon the School Board. This presumption was not overcome.

The School Board's second issue questions the district court's action in requiring the substitution of time clocks for the existing attendance procedure to be the subject of negotiation, and if necessary, arbitration. This Court recognizes that section 59-1603(2) grants to public employers certain management prerogatives to operate and manage their affairs. Had the School Board established an attendance policy applying to every member under the union contract, then the unilateral initiating of a more dependable method to enforce this attendance policy would have been merely a change from previous practice, not a change from the established rule. Had there been an established rule applying to every union member, the substituting of time clocks as a more

efficient method to record attendance, would be a managerial prerogative and not subject to mandatory and binding arbitration under section 59-1603(2).

The facts of this case do not lead to that conclusion. The School Board initiated additional rules, substantially changing old rules on the same subject.

The findings and conclusions of the district court are affirmed.

_____
Chief Justice

We Concur:

_____

_____

_____

_____
Justices

-6-