No. 14669

IN THE SUPREME COURT OF THE STATE OF MONTANA

1979

_____

IN THE MATTER OF THE ESTATE
OF GRACE LaTRAY

_____

Appeal from:  District Court of the Tenth Judicial District,
              Honorable ~~LeRoy L. McKinnon~~, Judge presiding.
              Ronald D. McPhillips

Counsel of Record:

    For Appellant:

        Robert L.Stephens, Jr., Billings, Montana

    For Respondent:

        Robert L. Johnson, Lewistown, Montana

_____

                        Submitted on briefs:  June 29, 1979

                                    Decided:  AUG 1 3 1979

Filed:  AUG 1 3 1979


_____
Thomas J. Kearney           Clerk

Mr. Justice Gene B. Daly delivered the Opinion of the Court.

This is an appeal by the contestants of a will of Grace LaTray from two interrelated orders of the District Court of the Tenth Judicial District, Fergus County, the Honorable Ronald D. McPhillips presiding. Appellants object to findings of fact, conclusions of law and an order declaring that the deceased was competent and executed a valid will on November 26, 1977, naming Travis Jaynes as her personal representative. They also object to a second order appointing Travis Jaynes as successor personal representative in the estate of Joe LaTray, Grace LaTray's deceased husband, for the estate of whom she was personal representative up until her death.

Grace LaTray, a lifetime resident of Fergus County, died in Lewistown, Montana, on January 16, 1978, at the age of 79. Her husband, Joe LaTray, had died the previous year, and at the time of her death Grace LaTray was serving as personal representative of her husband's estate.

Decedent was survived by three natural children: Leonard LaTray, Leslie LaTray and Thelma LaTray Fordyce, appellants herein. In addition to her three natural children, there were six orphaned children of two deceased daughters, all of whom she and her deceased husband had legally adopted. The adopted grandchildren are Kenneth Putro, Judy Putro Wells, Travis Jaynes (respondent herein), Deanna (Jaynes) Vogl, Eddie Jaynes and Vanessa Dawn Jaynes.

During the last years of her life decedent was chronically ill, having suffered from a number of different physical ailments including a severe stroke suffered on September 14, 1977, which resulted in paralysis of her left

side. By October 5, 1977, her condition had stabilized, and she was transferred to the Central Montana Nursing Home in Lewistown. Subsequently, on October 11, 1977, at the request of family members, decedent was transferred to Columbus Hospital in Great Falls for further intensive physical therapy. She remained at Columbus Hospital until November 3, 1977, when she was transferred to the Central Montana Hospital at Lewistown, Montana. Decedent remained hospitalized in Lewistown until the time of her death.

The will in question was executed by the decedent on November 26, 1977, in her hospital room. It was witnessed by Charles B. Vogl, the future husband of one of the decedent's adopted grandchildren, Nancy A. Ridgeway, one of the hospital nurses, and Robert L. Johnson, the attorney of decedent and now for Travis Jaynes, respondent herein.

On January 25, 1978, the will was filed for probate by respondent, the principal beneficiary and named personal representative thereunder. On February 10, 1978, appellants brought this action to contest the will based upon the ground of lack of testamentary capacity. The matter was tried before the court sitting without a jury on August 28, 1978. On October 25, 1978, the District Court entered its findings of fact, conclusions of law and order admitting the will to probate.

It is from these findings, conclusions and order that contestants appeal.

Evidence presented at the will contest included testimony from decedent's attending physician, Dr. E. Donnall Thomas, who testified that in the weeks preceding the execution decedent was incapable of abstract conceptualization and that she was prone to confusion and disorientation in

-3-

dealing with her business affairs. Thomas indicated, however, that decedent's condition was improving, and he characterized her mental attitude as "cheerful" and "alert" on November 16, 1977, only ten days before the execution of the will.

There was also testimony of the contestants herein indicating that on their visits with decedent in the hospital they found her to be disoriented and behaving in an erratic and inappropriate manner. The witnesses to the will testified that at the time of execution decedent named her relatives, knew the nature and extent of her property and understood how she was disposing of it. Testimony by one of decedent's adopted daughters, Judy Wells, concerning the circumstances surrounding the execution of the will was corroborative of the attesting witnesses' testimony.

The sole issue presented on appeal is whether there was sufficient substantial credible evidence to support the findings and conclusions of the District Court that decedent was competent at the time of the execution of the will in question.

On appeal this Court's review is limited to whether there is substantial credible evidence to support the judgment. Big Sky Livestock, Inc. v. Herzog (1976), 171 Mont. 409, 414, 558 P.2d 1107, 1110. "We review the evidence in a light most favorable to the prevailing party, and we will reverse only when there is a lack of substantial evidence introduced to support the results." Matter of Estate of Holm (1979), ___ Mont. ____, 588 P.2d 531, 534, 36 St.Rep. 11, 14.

> "'Substantial evidence' is evidence such 'as will convince reasonable men and on which such men may not reasonably differ as to whether it establishes the [prevailing party's] case . . .' The evidence may be inherently weak and still be deemed 'substantial' and substantial evidence may conflict with other evidence presented." Cameron v. Cameron (1978), ___ Mont. ___, 587 P.2d 939, 944, 945, 35 St.Rep. 1723, 1729.

Respondent presented testimony from the attesting witnesses of the will in question. All testified that decedent, in responding to questions at the time of execution, named all her relatives, the nature and extent of her property, and that she understood how she was disposing of it. This testimony was corroborated by Judy Wells, an adopted child of decedent, who was present during the pre-execution interview.

Though decedent suffered from various physical ailments and at times exhibited signs of confusion and disorientation, the above evidence indicated she was not confused or disoriented on the day she executed the will.

The evidence also indicated that the contested will is substantially similar to an earlier draft made in 1974 when there was no question of competency.

We find this evidence meets the requirements of substantiality and is sufficient to support the conclusions and orders of the District Court.

The judgment of the District Court is affirmed.

_____
Justice

We concur:

_____
Chief Justice

_____

_____
Justices

-5-