No. 82-308

IN THE SUPREME COURT OF THE STATE OF MONTANA

1983

IN RE THE MARRIAGE OF

CHARLES DAVID KOWIS,

Petitioner and Appellant,

-vs-

GLADYS SORENSON KOWIS,

Respondent and Respondent.

Appeal from: District Court of the Sixteenth Judicial District, In and for the County of Custer, The Honorable A. B. Martin, Judge presiding.

Counsel of Record:

For Appellant:

Kenneth R. Wilson, Miles City, Montana

For Respondent:

Brown and Huss, Miles City, Montana

Submitted on Briefs: November 24, 1982

Decided: February 4, 1983

Filed: FEB 4 - 1983

Ethel M. Harrison
Clerk

Mr. Justice Fred J. Weber delivered the Opinion of the Court.

Petitioner Charles Kowis appeals from the property settlement and maintenance provisions of a decree of dissolution of marriage entered in the Sixteenth Judicial District Court. Petitioner raises a single issue for review: Whether the District Court abused its discretion and acted arbitrarily in distributing the marital property and awarding respondent $400 per month maintenance. We affirm the District Court.

The parties were married in 1964, after residing together for ten years. Petitioner, age 57, has a ninth-grade education. He worked from 1951 to 1978 as a janitor and an unlicensed boilerman at the Veteran's Administration (V.A.) Hospital in Miles City. He was retired in 1978 due to his high blood pressure, and became eligible for lifetime disability retirement benefits, which, at the time of this action, amounted to $1,319 per month, subject to annual cost-of-living increases. Respondent, age 63, has an eighth-grade education, and has not been employed since 1964 when she worked in the kitchen of the V.A. Hospital in Miles City. She suffers from poor vision caused by cataracts, and cannot do heavy lifting. She is eligible for neither Social Security benefits nor V.A. retirement benefits. The Kowises had no children of the marriage and no debts at the time of the dissolution.

In 1964, before her formal marriage to petitioner, respondent received $19,324.49 in benefits following the death of her son from a previous marriage. She resigned her job at the V.A. Hospital and withdrew all of her V.A. retirement contributions in the amount of $1,804.33. Most of respondent's money was spent on remodeling the three-room Kowis home, which petitioner had bought for $2,800 some years

earlier. The remodeling included the addition of a bedroom, patio, living room, bathroom, and fireplace. At the time of this action, the Kowis house had an appraised value of $39,900. Respondent (in 1964) also paid off $2,000 of petitioner's accumulated debts; she paid $1,600 still owing on the purchase price of the house; she purchased several thousand dollars worth of household furniture, a 1964 Rambler and several hundred silver dollars as an investment.

Respondent did not work outside the home during the 18 years of the marriage; petitioner supported the parties. When he was retired, petitioner was earning approximately $21,000 per year.

At the time of this dissolution, the Kowises were joint owners of two interest-bearing certificates of deposit (C.D.s), one in the amount of $24,170.71, one for $409.75. Each party had a small individual checking account. The marital property also included a V.A. Credit Union account worth $1,144.25, and a 1973 Matador. Respondent lived in the family home, and petitioner rented an apartment.

The District Court found the parties' monthly expenses to be:

Petitioner:

| | |
|---|---:|
| Rent | $185.00 |
| Food | 150.00 |
| Clothing | 25.00 |
| Laundry | 10.00 |
| Transportation and car expense | 100.00 |
| Medical and dental care | 15.00 |
| Recreation | 100.00 |
| Miscellaneous | 50.00 |
| TOTAL | $635.00 |

Respondent:

| | |
|---|---|
| Taxes & insurance on home | $ 87.50 |
| Utilities | 60.00 |
| Food and household items | 150.00 |
| Clothing | 25.00 |
| Laundry | 10.00 |
| Transportation | 100.00 |
| Medical insurance | 43.65 |
| Medical and optical care | 15.00 |
| Recreation | 20.00 |
| TOTAL | $511.15 |

The court listed the marital assets:

| | |
|---|---|
| House at 2511 Clark, Miles City | $39,900.00 |
| C.D. at First Security Bank | 24,170.71 |
| C.D. at First Security Bank | 409.75 |
| V.A. Credit Union | 1,144.25 |
| Household furniture and appliances | 6,000.00 |
| Petitioner's checking account | 185.00 |
| Respondent's checking account | 159.00 |
| TOTAL | $71,968.71 |

The District Court noted that the marital assets also included a 1973 Matador, 300 silver dollars, and petitioner's V.A. pension, but that no specific value had been established for these items. The value of the retirement benefits was not constant, although the amount of the present monthly payments was known. The court concluded:

"3. Considering the factors set forth in section 40-4-202, MCA 1981, an equitable division of the property of the marriage would be as follows:

"a. Petitioner should receive the balance of the C.D. at First Security Bank in the sum of $24,170.71, the balance in the V.A. Credit Union of $1,144.25, his checking account balance of $185.00, the 1973 Matador and his V.A. Pension.

"b. Respondent should receive the family home at 2511 Clark, Miles City, Montana, the balance of the C.D. at First Security Bank of $409.75, the 300 silver dollars and the household goods and furnishings."

Finally, the District Court awarded respondent maintenance of $400 per month, with cost-of-living increases proportionate to those in petitioner's V.A. retirement benefits, payable until respondent's remarriage or death.

Petitioner appeals, seeking either a reduction of maintenance or a redistribution of the marital property.

Petitioner argues that because his financial contribution to the marriage was far greater than respondent's, and because her contribution in the form of "housewifely duties" was negligible, the District Court's award of twice the marital assets plus $400 per month maintenance to respondent was an abuse of discretion.

We note first that the extent of respondent's contribution as a homemaker was contested. Respondent testified that, during the 18-year marriage, she cooked, cleaned house, washed clothes, and, in short, did "everything . . . a housewife would be expected to do". Petitioner claimed he did the cooking and much of the cleaning. The District Court concluded that respondent made a contribution during her years as a homemaker, which assisted petitioner in pursuing his occupation. With the exception of the death benefits and V.A. benefits contributed by the respondent, and the improved family home, the major marital assets--petitioner's retirement benefits and the jointly-owned C.D.s--were derived from petitioner's employment at the V.A. Hospital.

In Cameron v. Cameron (1978) 179 Mont. 219, 227, 587 P.2d 939, 944, this Court stated:

> "The scope of this Court's review when considering the findings and conclusions of a trial court sitting without a jury is clear and well settled in Montana. A brief consideration of those rules is appropriate at this point. 'This Court's function in reviewing findings of fact in a civil action tried by the district court without a jury is not to substitute its judgment in place of the trier of facts but rather it is "confined to determining whether there is substantial credible evidence to support" the findings of fact and conclusions of law. Hornung v. Estate of Lagerquist, 155 Mont. 412, 420, 473 P.2d 541, 546.' Olson v. Westfork Properties, Inc. (1976), 171 Mont. 154, 557 P.2d 821, 823, 33 St.Rep. 1133.

5

"Although conflicts may exist in the evidence presented, it is the duty of the trial judge to resolve such conflicts. His findings will not be disturbed on appeal where they are based on substantial though conflicting evidence, unless there is a clear preponderance of evidence against such findings. Westfork Properties, Inc., supra; Butte Teachers' Union v. Board of Education of School District No. 1, Silver Bow County (1977), Mont., 567 P.2d 51, 53, 34 St.Rep. 726; Rule 52(a), M.R.Civ.P."

We find there is sufficient evidence to support the District Court's factual determination concerning respondent's non-monetary contribution.

The standards governing review of a district court's property distribution and award of maintenance are well-settled in Montana. The District Court has far-reaching discretion in making property divisions. Torma v. Torma (1982) ____Mont.____, 645 P.2d 395, 399, 39 St.Rep. 839, 843; Zell v. Zell (1977) 174 Mont. 216, 220, 570 P.2d 33, 35.

The reviewing court does not substitute its judgment for that of the trial court, and will not alter a judgment unless it finds an abuse of discretion, i.e., that the trial court acted arbitrarily without employment of conscientious judgment or exceeded the bounds of reason resulting in substantial injustice. Torma, 645 P.2d at 399, 39 St.Rep. at 843; Zell, 174 Mont. at 220, 570 P.2d at 35; Creon v. Creon (1981) ____Mont.____, 635 P.2d 1308, 1309, 38 St.Rep. 1828, 1830.

The District Court's findings and conclusions are extensive and detailed. The court painstakingly explained its reasons for the distribution and award of maintenance, applying the factors articulated in sections 40-4-202,203, MCA, and recent decisions of this Court to the facts of this case. Such procedure is expressly approved in In re Marriage of Sell (1981) ____Mont.____, 630 P.2d 222, 225, 38 St.Rep. 956, 959. The court properly considered the effect of

awarding respondent interest-consuming property without awarding maintenance to prevent its dissipation, see Bowman v. Bowman (1981) ___Mont.___, 633 P.2d 1198, 1200, 38 St.Rep. 1515, 1518, and noted this Court's position in D.C.v.M.C. (1981) ___Mont.___, 636 P.2d 857, 859-60, 38 St.Rep. 2027, 2030:

> "[I]f the effect of not awarding maintenance is to make a spouse a ward of the state, maintenance should be awarded if possible. Stenberg v. Stenberg (1973) 161 Mont. 164, 505 P.2d 110."

The court pointed out that petitioner's pension alone is sufficient to meet his needs and provide the maintenance awarded respondent.

The court considered the advanced age, ill health, limited job skills and unemployability of both parties, as well as their comparative future earnings potential and their relative contributions to the marital estate. This is proper. See Torma, 645 P.2d at 399, 39 St.Rep. at 843; section 40-4-202, MCA. The court's consideration of retirement benefits as part of the marital estate was also appropriate. See In re Marriage of Laster, (1982)___Mont.___, 643 P.2d 597, 603, 39 St.Rep., 737, 743.

This Court has repeatedly held that, while a district court, in its discretion, may equally divide the marital assets, section 40-4-202, MCA, does not mandate equal distribution. Martens v. Martens (1981) ___Mont.___, 637 P.2d 523, 526, 38 St.Rep. 2135, 2138; In re Marriage of Aanenson (1979) ___Mont.___, 598 P.2d 1120, 1123, 36 St.Rep. 1525, 1528. Here, the District Court thoroughly explained the need for its apparently unequal division of property, as well as its award of maintenance to respondent, in terms consistent with the provisions of sections 40-4-202,203, MCA.

7

We find no abuse of discretion in the property division and the award of maintenance. On the contrary, the court's findings and conclusions reflect scrupulous care and sensitivity in applying Montana law to the particular circumstances of this case.

Petitioner decries the District Court's "wholesale adoption" of respondent's proposed findings of fact and conclusions of law, relying upon this Court's disapproval of such procedure in Tomaskie v. Tomaskie (1981) ____Mont.____, 625 P.2d 536, 539, 38 St.Rep. 416, 419. But, as this Court noted in In re Marriage of Jensen, (1981) ____Mont.____, 631 P.2d 700, 703-704, 38 St.Rep. 1109, 1113, and In re Marriage of Hunter (1982) ____Mont.____, 639 P.2d 489, 495, 39 St.Rep., 59, 67, where, as here, findings and conclusions are sufficiently comprehensive and pertinent to the issues to provide a basis for decision, and are supported by the evidence, they will not be overturned simply because the court relied upon proposed findings and conclusions submitted by counsel.

We note in passing, that, except that the silver dollars were awarded to respondent, the District Court's property distribution is virtually identical to that proposed by petitioner. Petitioner's dissatisfaction with the decree arises from the court's award of $400 per month maintenance--$225 per month more than that proposed by petitioner. The court's award of maintenance has been found to be properly related to the needs and future earning capacities of the parties, and is well-supported by the evidence. There is no abuse of discretion here.

Respondent has requested attorney's fees under Rule 32, M.R.App.Civ.P., on the grounds that petitioner's appeal was frivolous. While we agree that the questions of law have all

8

been settled in earlier Montana cases, we deny respondent's request because the question of whether the District Court abused its discretion was reasonably in issue. See Martens, supra, ____Mont.at ____, 637 P.2d at 526, 38 St.Rep. at 2139.

Affirmed.

_____
Justice

We concur:

_____
Chief Justice

_____

_____

_____
Justices