No. 83-35

IN THE SUPREME COURT OF THE STATE OF MONTANA

1983

GENERAL MILLS, INC.,

Plaintiff and Appellant,

-vs-

ZERBE BROTHERS, INC., a Mont. Corp., et al.,

Defendants and Respondents.

APPEAL FROM: District Court of the Seventeenth Judicial District,
In and for the County of Valley,
The Honorable Leonard H. Langen, Judge presiding.

COUNSEL OF RECORD:

For Appellant:

Jardine, Stephenson, Blewett & Weaver; K. Dale
Schwanke, Great Falls, Montana

For Respondents:

Robert Hurly, Glasgow, Montana

Submitted on Briefs: September 15, 1983

Decided: November 23, 1983

Filed: NOV 23 1983

Clerk

Mr. Justice L.C. Gulbrandson delivered the Opinion of the Court.

This case comes on appeal from a judgment of the Seventeenth Judicial District Court, Valley County, finding the existence of an oral contract for the sale of 20,000 bushels of wheat and crediting the respondents with two deliveries of wheat rejected by the appellant.

Otto (now deceased) and Paul Zerbe were brothers who grew wheat in Lustre, Valley County, Montana, and also owned an implement dealership known as Zerbe Brothers, Inc. On May 29, 1973, an agent for General Mills, Inc., Fred Page, phoned Paul Zerbe to negotiate a grain purchase by General Mills. Both parties acknowledge that an agreement was reached as to a price of $2.56 per bushel and a period for delivery, but the quantity of the purchase is in dispute. At trial, Page testified that Paul Zerbe agreed to sell General Mills 50,000 bushels of wheat, a quantity Page wrote on a confirmation form during the telephone conversation. However, Paul Zerbe testified he only agreed to sell General Mills "up to" 20,000 bushels, and that he did not have 50,000 bushels to sell. Zerbe also testified he never sold 50,000 bushels at one time or a whole crop in one transaction and claimed he never received the confirmation form reflecting the greater quantity. In prior sales transactions between the parties, the Zerbes did not sign confirmation forms or send them back to General Mills. No specific evidence that the confirmation form was mailed or received was presented, however, General Mills did offer testimony that it was its usual and customary business

-2-

practice to mail the confirmation forms to a seller. Also, the Zerbes received settlement checks for the wheat they delivered.

Between June 7, 1973 and July 27, 1973, the Zerbes delivered a total of 16,593 bushels of dark northern spring wheat to the General Mills grain elevator in Great Falls, Montana. In addition, the Zerbes tendered two additional loads of wheat to General Mills. One load was tendered on July 24, 1973, and consisted of 800 bushels of wheat. Another load of 800 bushels was tendered on July 28, 1973. Both loads were rejected by General Mills because they were allegedly contaminated by insects. However, the Zerbes sold the same loads of wheat to another elevator in Great Falls without discount for contamination. After rejection of the two loads, the Zerbes discontinued deliveries under the contract. On April 11, 1974, General Mills learned that the Zerbes were not going to make any further deliveries. The market price for dark northern spring wheat in Great Falls on April 11, 1974 was $4.44 per bushel.

On July 10, 1975, General Mills brought suit against the Zerbes alleging breach of contract and seeking $61,802.95 in damages. On November 4, 1982, the case was tried before the District Court sitting without a jury. After hearing the evidence presented by the parties the District Court held: (1) the original contract was for 20,000 bushels of wheat; (2) the defendants tendered or delivered a total of 18,193 bushels to plaintiff, a quantity that included the two 800 bushel loads the plaintiff rejected on July 24, 1973 and July 28, 1973; (3) the defendants failed to deliver 1,807 bushels under the terms

of the contract; and (4) the plaintiff was entitled to a judgment in the amount of 1,807 bushels times $1.85 which was the difference between the $2.56 per bushel the defendants agreed to accept for the wheat and the $4.41 per bushel market price on April 11, 1974.

The plaintiff now appeals claiming the District Court erred in finding that the oral contract was for 20,000 bushels rather than 50,000 bushels and crediting defendants for the two 800 bushel loads tendered on July 24, 1973 and July 28, 1973. Specifically, appellant argues there is a presumption under Montana law that a mailing has been received if customary office mailing procedures have been followed and respondents failed to produce credible evidence to rebut that presumption. In addition, appellant asserts the respondents should be estopped from claiming they only agreed to sell up to 20,000 bushels of wheat rather than the 50,000 claimed by appellant because of the respondents' past practice of not signing and returning confirmation forms but delivering the quantities of wheat agreed to by the parties. Finally, appellant contends the District Court erred in crediting the respondents with the two 800 bushel loads because the evidence presented at trial showed the appellant was justified in rejecting the loads as contaminated.

Montana law presumes that a letter mailed in the ordinary course of business has been received. Section 26-1-602(20)(24), MCA. In this case, while it is true that there is no direct evidence of actual mailing of the confirmation form, the presumption of receipt nevertheless arises. Crissey v. State Highway Commission (1966), 147 Mont. 374, 413 P.2d 308. It is enough that there is an

-4-

office practice or custom and that this practice or custom was carried out. Crissey, 147 Mont. at 379. However, in this case the respondent denies receipt of the confirmation order. In Crissey, we held that an addressee's positive denial of receipt does not nullify the presumption, but leaves the question for the determination of the jury, or the court sitting without a jury, with such weight given to the presumption as they think it is entitled to. Crissey, 147 Mont. at 379; also see James Talcott, Inc. v. Reynolds (1974), 165 Mont. 404, 529 P.2d 352 and Renland v. First National Bank (1931), 90 Mont. 424, 4 P.2d 488. The presumption is not conclusive and may be controverted by other evidence. Section 26-1-602, MCA. Also see generally 31A C.J.S. Evidence, Section 136, p. 291.

After considering the evidence and ascertaining the witnesses' credibility, the District Court determined that respondent did not receive the confirmation form reflecting the 50,000 bushel quantity and the terms of the contract provided for delivery of 20,000 bushels. The District Court properly weighed the presumption of receipt against respondent's denial and the other evidence presented at trial and arrived at its conclusion. We cannot deviate from our function as an appellate court and reverse the District Court's decision. Our functions do not include a retrial of the case. We will not substitute our judgment for that of the trial court. We are "confined to determining whether there is substantial credible evidence to support the findings of fact and conclusions of law." Cameron v. Cameron (1978), 179 Mont. 219, 227, 587 P.2d 939, 944; In the Matter of the Estate of LaTray (1979), 183 Mont. 141,

-5-

598 P.2d 619; Olson v. Westfork Properties, Inc. (1976), 171 Mont. 154, 557 P.2d 821; Hornung v. Estate of Lagerquist (1970), 155 Mont. 412, 473 P.2d 541. We have elaborated on this standard numerous times and several well-settled principles have emerged. We view the evidence in the light most favorable to the prevailing party. Cameron, supra; Olson, supra; Hellickson v. Barrett Mobile Home Transport, Inc. (1973), 161 Mont. 455, 507 P.2d 523. The evidence may be inherently weak and still be deemed "substantial." Campeau v. Lewis (1965), 144 Mont. 543, 547, 398 P.2d 960, 962. Moreover, Rule 52(a) M.R.Civ.P. provides, in part, that "[f]indings of fact shall not be set aside unless clearly erroneous, and due regard shall be given to the opportunity of the trial court to judge of the credibility of the witnesses." The record before us does not evince a clear error in the District Court's decision to find the parties contract was for 20,000 bushels rather than 50,000 bushels. Likewise, appellant has failed to point out any clear error in the District Court's decision that the respondents be credited with the two 800 bushel loads they tendered to appellant on July 24, 1973 and July 28, 1973.

Appellant also asserts that respondents should be estopped from denying the contract was for 50,000 bushels because in prior transactions between the parties the respondents never signed or returned confirmation forms. The essential elements of estoppel are the following: (1) there must be conduct, acts, language or silence amounting to a representation or concealment of facts; (2) facts must be known to party estopped at the time of his conduct; (3) truth concerning the facts must be unknown to the other

party; (4) the conduct must be done with the intention that it be acted upon by the other party or under circumstances so that it is both natural and probable that it will be so acted upon; (5) the conduct must in fact have acted upon it to his detriment. In re the Matter of Shaw (Mont. 1980), 615 P.2d 910, 37 St.Rep. 1480; Kenco v. Cantrell (1977), 174 Mont. 130, 568 P.2d 1225; Smith v. Krutar (1969), 153 Mont. 325, 457 P.2d 459. The facts of this case do not warrant an application of the doctrine of estoppel. The record does not contain evidence of any conduct of the respondent that would be considered a representation or concealment that the parties contract was for 50,000 bushels rather than 20,000 bushels. Also, the District Court determined the evidence showed the parties agreed to a 20,000 bushel quantity on this particular occasion so the 50,000 quantity claimed by appellant cannot be considered a "fact" within the knowledge of the respondents. Estoppel is not favored and will be sustained only upon appellant's showing of clear and convincing evidence. Tribble v. Reely (1976), 171 Mont. 201, 557 P.2d 813.

In sum, we find no reversible error and therefore affirm.

_____
Justice

We concur:

_____
Chief Justice

-7-

_John Conway Harrison_

_Frank B. Morris_

_John C. Sheehy_
Justices