No. 84-231

IN THE SUPREME COURT OF THE STATE OF MONTANA

1984

_____

DELBERT S. BOWMAN and PATRICIA BOWMAN,

       Plaintiffs and Defendants,

-vs-

JOHN R. PRATER, GERI PRATER, ELMER G.
SPIDEL & AVIS SPIDEL,

       Defendants and Appellants.

_____

APPEAL FROM:  The District Court of the Sixteenth Judicial District
In and for the County of Prairie,
The Honorable A. B. Martin, Judge presiding.

COUNSEL OF RECORD:

    For Appellant:

        Wright, Tolliver & Guthals; Joel E. Guthals, Billings,
        Montana

    For Respondent:

        Ira D. Eakin, Baker, Montana

_____

Submitted on Briefs: Aug. 30, 1984

Decided: December 4, 1984

Filed: DEC - 4 1984

*Ethel M. Harrison*

———————————————————
Clerk

Mr. Justice John Conway Harrison delivered the Opinion of the Court

The defendants appeal from an injunction pendente lite order of the District Court of the Sixteenth Judicial District, Prairie County, enjoining defendants from transferring or encumbering assets owned by the corporation.

The plaintiffs are bee keepers residing in Terry, Montana. The parties formed several corporations with the desire of marketing bee pollen. Three corporations were formed: Bowman Apiaries, Inc., Prairie County Land Developers, Inc., (P.C.L.D.) and Bee Made Products Laboratories, Inc.

In return for capital stock in the corporation, the plaintiffs contributed land with a service station on it, as well as their labor in running the pollen production business. Additionally, the plaintiffs contributed 28,000 pounds of pollen, 31 honey drums, and a 250 pound propane bottle. The plaintiffs also co-signed an $89,000 promissory note. The proceeds of the loan were used to acquire a tableting machine, grinder and press and other equipment for the production and marketing of pollen. The defendants contributed a rental house and office building in exchange for capital stock in the venture.

On May 8, 1982, the defendants transferred title of the rental property from P.C.L.D. Inc. to defendants individually. The defendants also mortgaged the office building and rental property to secure a personal loan in the amount of $109,000 without the knowledge or consent of plaintiffs. The plaintiff, Mrs. Bowman, testified that the defendant used corporate funds without consent or authorization to pay for his son's personal living expenses.

2

The testimony further established that the defendant took the tableting and grinding machines to Colorado without the knowledge or consent of the plaintiffs. The plaintiffs repeatedly requested to examine the financial records of the corporation, but were refused. No payments have been made on the $89,000 loan, as a result, the plaintiffs credit rating has been ruined.

On July 22, 1983, plaintiffs filed an action against defendants claiming corporate mismanagement and breach of fiduciary duty as corporate officers. Defendants counter-claimed for breach of settlement agreement, interference with contractual relations, breach of fiduciary duties, and defamation of character.

On March 26, 1984, the plaintiffs petitioned for a preliminary injunction to enjoin defendants from transferring corporate money and property. An order to show cause hearing was held on April 20, 1984. The injunction was granted. It is from the injunction pendente lite order of the District Court which the defendants appeal.

Two issues are before this Court:

(1) Whether the District Court erred in issuing plaintiff's preliminary injunction without defendants presenting evidence at the show cause hearing.

(2) Whether the findings of fact and conclusions of law in support of the preliminary injunction are clearly erroneous.

Injunction proceedings are prescribed and regulated by Chapter 19, Title 27, of the Montana Code Annotated. Section 27-19-301, MCA and section 27-19-303, MCA correspondingly provide:

"27-19-301. Notice of application – hearing. (1) No preliminary injunction may be issued without reasonable notice to the adverse party of the time and place of the making of the application therefor.

"(2) Before granting an injunction order, the court or judge shall make an order requiring cause to be shown, as a specified time and place, why the injunction should not be granted, and the adverse party may in the meantime be restrained as provided in 27-19-314.

"27-19-303. Time of granting injunction, evidence required. (1) The injunction order may be granted after the hearing at any time before judgment.

"(2) Upon the hearing each party may present affidavits or oral testimony. An injunction order may not be granted on affidavits unless:

"(a) they are duly verified; and

"(b) the material allegations of the affidavits setting forth the grounds for the order are made positively and not upon information and belief.

"(3) Upon the hearing of a contested application for an injunction order, a verified answer has the effect only of an affidavit."

In the instant case, notice of the hearing on the preliminary injunction was given to defendants. An order to show cause hearing was had. The counsel of both parties were present. The defendants submit that the court granted the injunction after hearing only the plaintiffs' side of the case. The defendants claim they were not given any opportunity to present evidence as to why the preliminary injunction should not be issued as provided by section 27-19-303(2), MCA.

The District Court record indicates otherwise. Following a presentation of evidence the court asked if there was "anything further?" The plaintiffs summarized their position to the court. The defendants remained silent. It

4

is at this point the court ruled and requested plaintiffs counsel to submit proposed findings of fact and conclusions of law. Moreover, the District Court record indicates that defendants did not raise an objection or request to provide an offer of proof at the close of the hearing. The defendants simply failed to raise this issue in the District Court. We hold this issue cannot be raised for the first time on appeal. We have repeatedly stated that this Court will not consider questions of claimed error not raised or presented to the trial court. Northern Plains Resource Council v. Board of Natural Resources and Conservation (1979), 181 Mont. 500, 594 P.2d 297; Hayes v. J. M. S. Const. (1978), 176 Mont. 513, 579 P.2d 1225; Kearnes v. McIntyre Const. Co. (1977), 173 Mont. 239, 567 P.2d 433.

The defendants argue on appeal that the District Court failed to exercise independent judgment by adopting the plaintiffs' proposed findings. Specifically, the defendants claim the District Court erred in making the following findings:

(1) The plaintiffs and defendants were incorporators of the corporation in question;

(2) The plaintiffs were directors of the corporation;

(3) The defendants transferred ownership of the rental owned by P.L.C.D., Inc. to John R. Prater and Geraldine Prater;

(4) The tableting machine and grinder were removed to Colorado by John Prater;

(5) The defendants surrendered possession of the office building;

(6) The defendants failed to show the plaintiffs the corporation's financial record; and

5

(7) No payments have been made to the plaintiffs on a promissory note, as a result their credit rating has been ruined.

The plaintiffs claim the District Court's findings are supported by the record. We agree.

The standard for review of findings made by a district court is the same whether the district court has prepared them or has adopted a party's proposed findings and conclusions. Goodmundson v. Goodmundson (1982), 655 P.2d 509, 39 St.Rep. 2295; In re the Marriage of LeProuse (Mont. 1982), 642 P.2d 526, 39 St.Rep. 1053; City of Billings v. Public Service Commission (Mont. 1981), 631 P.2d 1295, 38 St.Rep. 1162. "Although the practice is disapproved, the fact that the District Court substantially adopted the findings proposed by respondent's counsel does not change the standard of review by this Court." In re the Marriage of Hunter (Mont. 1982), 639 P.2d 489, 39 St. Rep. 59. We must ascertain whether the "clearly erroneous standard of Rule 52(a) supports the findings on appeal." Speer v. Speer (Mont. 1982), 654 P.2d 1001, 39 St.Rep. 2204; In re the Marriage of Jensen (Mont. 1981), 631 P.2d 700, 38 St.Rep. 1109. Rule 52(a) M.R.Civ.P. provides, in part, that "findings of fact shall not be set aside unless clearly erroneous, and due regard shall be given to the opportunity of the trial court to judge of the credibility of the witnesses." This rule reiterates our function as an appellate court. In General Mills Inc. v. Zerbe Bros., Inc. (Mont. 1983), 672 P.2d 1109, 40 St. Rep. 1830, we defined this function:

> "We cannot deviate from our function as an appellate court and reverse the District Court's decision. Our functions

6

> do not include a retrial of the case. We
> will not substitute our judgment for that
> of the trial court. We are 'confined to
> determining whether there is substantial
> credible evidence to support the findings
> of fact and conclusions of law' Cameron
> v. Cameron (1978), 179 Mont. 219, 227 587
> P.2d 939, 944; In the Matter of the
> Estate of LaTray (1979), 183 Mont. 141,
> 598 P.2d 619; Olson v. Westfork
> Properties, Inc. (1976), 171 Mont. 154,
> 557 P.2d 821; Hornung v. Estate of
> Lagerquist (1970), 155 Mont. 412, 473
> P.2d 541."

We disagree with defendants' contention that the findings and conclusions adopted by the District Court as a result of the hearing are clearly erroneous. Specifically, the record supports the District Court's findings that the defendants as well as the plaintiffs were incorporators and served as directors of the corporation. The plaintiff, Mrs. Bowman testified that her husband and herself were incorporators of all three corporations. She also claimed she was a director. The Bowmans' testimony likewise supports the remaining findings made by the trial court. The findings are further substantiated by plaintiffs' warranty deed and quit claim deed exhibit evincing the transfer of the rental house from P.L.C.D., Inc., to the defendants. The evidence will be viewed in the light most favorable to the prevailing party. Cameron v. Cameron (1978), 179 Mont. 219, 587 P.2d 939. We hold substantial, credible evidence supports the District Court's findings. The issuance of the injunction was proper. The order of the District Court is affirmed.

_John Conway Harrison_
Justice

We concur:

_____
Chief Justice

_____

_____

_____
Justices

8