LAMB, appellant, v. GASTON AND SIMPSON GOLD AND SIL-
VER MINING COMPANY, respondent.

ATTORNEY IN FACT — *authority for appearance.* The attorney in fact of a cor-
poration, who is not its general managing agent, cannot appear in an action
against it without special authority.

PRACTICE — *default — how set aside.* A default should not be set aside, if the
service has been regular, without affidavits of excusable neglect or inad-
vertence, and also of merits.

CASE AFFIRMED. The case of *Brown* v. *Gaston and Simpson Gold and Silver
Mining Company*, ante, p. 57, affirmed.

*Appeal from the Third District, Lewis and Clarke County.*

THE facts in this case are substantially the same as those
in the case of *Brown* v. *Gaston and Simpson Gold and
Silver Mining Company*, ante, p. 57. The pleadings,
motions and orders of the court, MUNSON, J., are the same.

This case was argued at the same time with that of Brown
against same defendant, and the arguments are given in the
report of that case.

SHOBER & LOWRY and H. N. BLAKE, for appellant.
WILLIAMS & BURDICK filed a written argument.

CHUMASERO & CHADWICK, for respondent.

KNOWLES, J.    The facts presented in this case are in the
main the same as those of *Brown* v. *Gaston and Simpson
Gold and Silver Mining Company.* The only difference is
the manner in which the respondent was brought into court.
In this case R. Carter, who, it is claimed, was the managing
agent of the respondent, a mining corporation, made a
memorandum on the complaint, which it is claimed was a
waiver of service of summons, in the following words :

"I hereby waive service of summons in this action, and
hereby appear as attorney in fact of said company.

"HELENA, *Nov. 25*, 1867.

"R. CARTER."

The affidavits and brief filed in this case, and the proceed-
ings subsequent to the signing of this memoranda, are the

same as in the aforesaid case of Brown against this respond-
ent. The court below, it would appear, held that this
appearance was insufficient, unless it appeared that Carter
had authority to appear in this cause for respondent. To
establish this fact the appellants filed affidavits to show that
he was a general managing agent of the respondent.

The affidavit of Burdick establishes the fact of the genuine-
ness of Carter's signature to the memoranda. But as far as
the authority of Carter to appear in the cause is concerned,
he only recites what Carter told him. While the evidence
of Carter would be sufficient to establish his agency, what
he said is incompetent. It is hearsay testimony. The affi-
davit of Cowan is mostly hearsay testimony. So for as it is
not, it shows only that Carter acted for the company in
settling his account. This would not be sufficient to warrant
him in appearing in an action.

The affidavit of King recites that he had seen a power of
attorney to Carter from respondent, which had been sent
him by telegraph. Waiving all objections to the proving
of a power of attorney sent by telegraph, he does not state
that there was in this any express power to appear in an
action against the respondent or any one else. Nor does it
show that he was a general managing agent. Carter himself
does not, in the memoranda he signed, describe himself as a
managing agent, but only as an attorney in fact. An
attorney in fact, unless he has express authority to appear
in an action, cannot do so. The authority for an attorney
in fact to appear in a suit must appear within the term of the
grant of power to him, unless he is a general managing agent
of a corporation, and then perhaps it would be presumed.
The managing agent of a corporation, however, to have this
authority, must be one whose powers extend to the whole
business of the company, and upon whom service of sum-
mons could be made in accordance with the provisions of the
statute. Believing that there is not sufficient evidence to
establish the fact that Carter was a general managing agent
of the Gaston and Simpson Gold and Silver Mining Com-
pany ; and waiving all objections to the power of attorney

which he received by telegraph, it not appearing that he had express authority to appear in suits against the respondent, we find no error in the ruling of the court below. However, if we believe that the affidavits filed did establish these facts, as the court below seems to, we would hold it improper practice to allow the respondent to have the default set aside, and be permitted to come in and answer without an affidavit of excusable neglect or inadvertence and merits.

We hold, as in the case of *Brown* v. *Gaston and Simpson Gold and Silver Mining Company*, that in a cause where the manner in which a defendant is brought into court is defective, it is not error to allow him to come in and answer without any affidavit of excusable neglect or inadvertence and merits.

In accordance with these views the order of the court below is affirmed, and the cause remanded for further proceedings.

*Affirmed.*

WARREN, C. J., concurred.