4

From: The District Court of the First Judicial District. County of Lewis & Clark.

STATE OF MONTANA, Plaintiff, vs. ROLAND MELVIN BLISS, Defendant.

NO. 3530

## DECISION

The application of the above-named defendant for review of the sentence of Fifteen years for Robbery with 29 days jail time credit, imposed on January 27, 1970, was fully heard and after a careful consideration of the entire matter it is decided that:

The sentence be and remain as originally imposed.

Defendant committed a crime of violence, armed robbery, carrying a possible punishment of imprisonment for life or years without limit. At the time he had three prior felony convictions, including one for robbery, and an extensive record of lesser offenses. Against this and the presumption that the sentencing judge was correct in his determination, it appears that the sentence imposed was quite reasonable and lenient, the crime, the sentencing goals, and the individual kept in mind.

The contention that the sentencing judge could not consider defendant's prior felony convictions in determining what defendant's setence should be without the notice required under Section 95-1506, R.C.M.1947 is not valid. That statute only is involved where the purpose of the state is to seek increased punishment of the accused as a prior convicted felon under Section 94-4713, R.C.M.1947. That was not the purpose here. The purpose here was to enable the sentencing judge to make an intelligent determination of what the sentence should be within the wide latitude allowed. To do this the characteristics, potentialities and history of the defendant necessarily have to be considered since the sentencing problem deals with human beings of infinitely differing qualities. Deeply involved as any criminal record the defendant may have as well as any record of virtuous conduct. This is recognized by the statutes concerning pre-sentence investigations and reports, one at least of which specifically mentions inclusion of the defendant's criminal record, Section 95-2204, R.C.M.1947. Without detraction in any way from these statements, it may be also noted that the sentence here was well within the limites fixed for a first conviction for robbery.

That a co-defendant received but five years for the offense is no indication that the sentence here was not reasonable. The co-defendant had no prior convictions, and, as is often the case, equal sentences may be to sentence unequally.

We thank Douglas G. Skjelset, Esq., of the Montana Defender Project for his assistance to the defendant and to the Court.

DATED this 14th day of April, 1970.

## SENTENCE REVIEW DIVISION

Philip C. Duncan, Chairman; Paul G. Hatfield, Jack D. Shanstrom.