No. 80-116

IN THE SUPREME COURT OF THE STATE OF MONTANA

1980

DONALD L. JEFFERY,

Plaintiff and Appellant,

vs.

NORRIS M. NEVILLE,

Defendant and Respondent.

Appeal from:   District Court of the Eighteenth Judicial District,
               In and for the County of Gallatin.
               Honorable W. W. Lessley, Judge presiding.

Counsel of Record:

    For Appellant:

        Steven D. Nelson, Bozeman, Montana

    For Respondent:

        Landoe, Brown Law Firm, Bozeman, Montana

Submitted on briefs: November 19, 1980

Decided:

Filed:

Clerk

Mr. Justice John Conway Harrison delivered the Opinion of the Court.

This is an appeal from a judgment in a damage action entered by the District Court of the Eighteenth Judicial District, Gallatin County, the Honorable W. W. Lessley presiding. Plaintiff alleged he suffered damages by defendant's breach of an agreement to sell a log cabin. The District Court entered judgment in favor of defendant, and plaintiff appeals.

Respondent-defendant Neville purchased the Pine Cone Motel in West Yellowstone, Montana, in the spring of 1978. On the premises of the Pine Cone Motel was an old log cabin approximately twenty by thirty-two feet in dimensions. Respondent, in an effort to sell the property, decided that the log cabin should be removed from the property. He advertised in the West Yellowstone area that he had a log cabin to be sold and removed, as soon as possible, so that further construction could begin at the motel.

Plaintiff-appellant contacted respondent about buying the log cabin. On June 20, 1978, they entered into an oral agreement for the sale and purchase of the log cabin. Appellant paid respondent $500 for the cabin. Respondent told appellant that the log cabin was to be removed from the lot as soon as possible. Appellant, soon after June 20, began to tear down the log cabin and remove parts of it from the property.

Appellant and several employees removed an estimated 40 to 50 percent of the logs from the property along with other parts of the cabin and transported them to another motel whose owner was to purchase the logs from appellant. For some reason, a period of time elapsed after this initial

removal in which no efforts were made to either remove or clean up the remaining debris on the site. Respondent, believing that appellant had removed the portions of the log cabin for which he had use, thought that the rest of the debris was to be destroyed.

Approximately a month after the agreement was made, respondent sold the Pine Cone Motel to Boyd Williams of Blackfoot, Idaho. At that time the debris and the remaining portion of the log cabin were removed from the lot.

Approximately a week after respondent and appellant entered into their agreement to sell the cabin, appellant entered into an agreement with Tom Clark for the sale of the log cabin for approximately $7,900. Appellant expected a profit of at least $6,000 from this sale.

Appellant alleges that he suffered damages from the loss of profits; from having to hire the logs hauled from the cabin; and for the work of employees that he used to tear down the cabin. There was no showing that respondent, at the time he sold the cabin to appellant, had any knowledge that appellant intended to resell the cabin; nor did appellant notify respondent that he had entered into an agreement to sell the cabin.

The District Court, sitting without a jury, found: (1) that a condition of the June 20, 1978, agreement was that the log cabin be removed by appellant as soon as possible; (2) appellant breached the agreement of June 20, 1978; (3) respondent had no knowledge of the agreement between appellant and Tom Clark for the resale of the log cabin; (4) respondent did not contemplate that if a breach occurred in the June 20, 1978 agreement, a nondefaulting party would be awarded a loss of profits; (5) the lost profits of appellant

from the collateral contract with Clark were too speculative and contingent for appellant to recover against respondent; and (6) the damages appellant allegedly suffered in hiring Dick Kountz to haul the logs were too speculative for appellant to recover.

The first issue presented on this appeal is whether there was substantial evidence to support the District Court's finding that a condition of the sale required appellant to remove the logs from the property as soon as possible.

In determining whether the trial court's findings are supported by substantial credible evidence, this Court must view the evidence in the light most favorable to the prevailing party. See Olson v. Westfork Properties, Inc. (1976), 171 Mont. 154, 557 P.2d 821, 823, and Hornung v. Estate of Lagerquist (1970), 155 Mont. 412, 420, 473 P.2d 541, 546.

In viewing the evidence we find that here the negotiations were quick and informal and nothing specific was said about the time frame in which the cabin was to be removed. Respondent testified he was in the process of refurbishing the motel. He wanted the cabin removed as soon as possible so that he could take advantage of the good weather in any rebuilding of the motel that was to be done. The cabin was at least sixty-four years old and had not been used for a number of years. It had little value to the motel as it was being operated at that time and could not contribute to the value or the appearance of the property.

We find here substantial evidence to support the District Court's finding that a condition of the sale was that the logs were to be removed as soon as possible. We find no error.

-4-

The second issue raised by appellant is similar to the first: whether there was substantial evidence to support the District Court's finding that appellant had terminated his efforts in removing the logs from the Pine Cone Motel property.

While there was conflicting testimony at the trial as to whether appellant terminated his efforts to remove the portion of the cabin he wanted, respondent's testimony supported the court's findings that appellant had terminated these efforts. Respondent testified that as of July 20, 1978, it appeared to him that all that was left of the cabin was debris. Further, he testified that no remaining logs were of any quality. The debris remaining was broken lumber and old shingles. In addition, he testified that he had not seen anyone working on the removal for several days prior to July 20, nor did he see any long logs remaining on the site. While this testimony conflicts with that of appellant, it is, in our opinion, sufficient to support the court's findings.

Appellant next raises the issue of whether there was substantial evidence to support the District Court's finding that the damages incurred by appellant in hiring Dick Kountz to haul the logs from the cabin were too speculative for appellant to recover.

Appellant's contention that he should be awarded damages for the alleged debt to Kountz is inconsistent with his allegation of a breach. Had the court found that he did not breach the agreement and, in fact, had moved soon enough to remove the cabin, then most certainly the court would have awarded appellant damages for the cost of removing the logs.

Assuming that appellant was entitled to damages, his proof of those damages was speculative at best. Kountz did not testify about any debt, nor did appellant produce any bill or demand for payment. Over a year had lapsed since the time the work was done for appellant. At the time of trial, appellant had not received a bill nor had he made any effort to pay the bill. We find it was within the court's discretion, after hearing the testimony, to decide that appellant's proof was too speculative for these alleged damages.

The final issue presented by appellant is whether he can recover for lost profits from the sale of the cabin to a third party.

Appellant sued for $7,900, of which, according to his testimony, $6,000 was lost profits in the sale of property to Tom Clark. The District Court found that appellant could not recover these alleged lost profits. Appellant and respondent made an informal, oral agreement for the sale of the cabin. They did not discuss the resale of the cabin by appellant at the time of the sale. Appellant did not, at that time, have an agreement to sell the cabin, nor did he indicate to respondent that he wanted to resell the cabin or was actually going to sell it.

The general rule set out in 25 C.J.S. Damages, §43 at 751, states that ". . . gains or profits of collateral enterprises or subcontracts are, as a rule, too speculative and contingent to afford an element of recovery in the case of a breach of the primary contract." See Longview Construction & Development, Inc. v. Loggins Construction Co., (Tex.Civ.App. 1975), 523 S.W.2d 771.

We find no testimony at trial which supports appellant's contention that the sale of the cabin by appellant could have been contemplated by respondent. In fact, the only testimony concerning the intention of appellant when he purchased the cabin was that he was going to move it to the Big Sky area.

This Court, in Zook Brothers Construction Company v. State (1976), 171 Mont. 64, 556 P.2d 911, 916, held that, to be recoverable, damages must be within the contemplation of the parties when they entered into the contract and be such damages as might naturally be expected to result from a breach of the contract. In Zook this Court cited Cruse v. Clawson (1960), 137 Mont. 439, 448, 352 P.2d 989, 994, holding that a party "may recover for loss of profits where it is shown that such loss is the natural and direct result of the act of the defendant complained of and that such amount is certain and not speculative."

As previously noted, we find no testimony to support appellant's contentions that respondent should have contemplated a resale of the cabin. Without such testimony, we must affirm the District Court's decision that appellant cannot recover for the loss of profits from a collateral contract.

Having examined all the issues raised by appellant, we affirm.

John Conway Harrison
Justice

-7-

We concur:

_Frank J. Haswell_
Chief Justice

_Gene B Daly_

_Daniel J Shea_

_John C Sheehy_
Justices