MR. JUSTICE WEBER
delivered the Opinion of the Court.
Plaintiffs Durand, Mutch, and Lien appeal a judgment entered in favor of defendants by the Twentieth Judicial District Court, Lake County, sitting without a jury. We affirm. The issues are:
1. Did the District Court err in concluding that plaintiffs had no valid mechanic’s liens upon the defendants’ property?
2. Does merger of the leasehold and the fee permit enforcement, against the fee, of a lien upon the leasehold?
3. Should plaintiffs be allowed to recover under the theory of quantum meruit?
4. Was the claim of appellant Mutch, d/b/a Flathead Electric, barred due to untimely filing of the lien?
Defendants John Dowdall and Joyce Dupuis, co-owners of a parcel of property in Poison, Montana, entered into a “Premises Lease and Option to Purchase Real Estate” with Edward Mills in July 1984. Prior to the time Mr. Dowdall and Ms. Dupuis (Lessors) had purchased the property it had been used to operate a service station. Pertinent provisions of the agreement with Mr. Mills (Lessee) appear below:
“5. USE OF PREMISES. The real property herein described shall be leased for the purpose of operating a fast food business known as *349 BURGER INNS of AMERICA, Montana Division, and for no other purpose.
“6. IMPROVEMENTS AND FIXTURES. It is understood that LESSEE intends to make substantial improvements upon said real property in order to make it suitable for the operation of his business. It is further understood that at the expiration of the lease, LESSORS shall be vested with all right, title and interest to any and all improvements and fixtures attached to the real property, in the event LESSEE fails to exercise his option to purchase. At the expiration of the term of the lease, LESSEE shall have no further interest in the real property or in any improvements or fixtures located thereon.
“7. MECHANIC’S LIENS. In any and all contracts, written and oral, executed by LESSEE for any materials, or for any construction on or repair of any existing or future improvements located on the real property, LESSEE shall include language to the effect that he is solely responsible for the cost of all labor and materials purchased by or for him, and that the contractor, subcontractor, materialman, or supplier waives any right to file a mechanic’s lien on the said real property and any and all causes of action he may have against LESSORS as owners of the real property.”
In August 1984 Lessee contracted with plaintiff Durand for “extensive” demolition and remodeling of the service station into a restaurant. Mr. Durand provided labor and materials for the project for about two and one-half months, but when it became clear that Lessee was not going to pay him, Mr. Durand pulled off of the job. In December, Mr. Durand filed a mechanic’s lien against the property for $23,030.87, the total value of labor and materials furnished by Durand Construction Company.
Plaintiff Duane Lien has a plumbing and heating business in the Poison area. Lessee contracted with Mr. Lien for renovation and remodeling of the plumbing on the subject property. Mr. Lien began in August and pulled off of the job in October just as Mr. Durand had. In December Mr. Lien filed a mechanic’s lien against the property for $3,032.84, the total value of labor and materials furnished by him.
Plaintiff Frank Mutch contracted with Lessee to provide electrical work for the project, in August 1984. He alleges he worked on the project up through January 16, 1985. He filed a mechanic’s lien against the property on March 5, 1985, for $8,941.16, the total value of labor and materials furnished by him.
*350 Plaintiffs then brought this action to recover on their liens. The District Court concluded that the liens were invalid and did not constitute liens or encumbrances against Lessors’ property. The court ruled that the mechanic’s liens filed by plaintiffs attached only to Lessee’s interest in the property which had been canceled and terminated. The court also made the following determinations:
“[That] Plaintiffs have . . . failed to show any consent by Defendants to the contracts between Mills and Plaintiffs and failed to prove any ratification thereof by Defendants.
“That none of the contracts by Plaintiffs were completed. Each Plaintiff pulled off the job before work was completed because Mills did not pay for work performed to that point. None of the Plaintiffs ever billed either of the Defendants for work done or materials provided, and all of the Plaintiffs billed only Mills for their claims.
“That the property in its present condition, which is the same condition as existed when Plaintiffs discontinued work, is unusable for any commercial purpose. Electrical work is incomplete. Interior finishing is incomplete. Fixtures and equipment necessary to make the premises usable as a restaurant or for any other commercial purpose are not present and available.
“That at the time the property was leased to Mills it had a fair market value of $128,000.00. In its present condition the property is not usable for any commercial purpose and an expenditure of approximately an additional $12,000.00 to $30,000.00 would be required to make the property usable for a commercial purpose. The property is also not now suitable for any non-commercial use.
“That the work undertaken by Plaintiffs to date has not enhanced the value of the property.”
I
Did the District Court err in concluding that plaintiffs had no valid mechanic’s liens upon the defendants’ property?
The plaintiffs question the District Court’s judgment in several respects as it relates to this issue. Much of their argument centers upon their theory that a contract for improvements arose by implication between Lessors and themselves. The trial court rejected that theory. We need not address this argument as we determine the issue by answering the following inquiry:
Did the court err in concluding that none of the plaintiffs substan *351 tially completed the work, and, by implication, that they therefore had no right to assert liens upon the property?
The plaintiffs accept the general rule in Montana stated in Bauer v. Cook (1979), 182 Mont. 221, 224-25, 596 P.2d 200, 202, that a mechanic’s lien arises only upon completion or substantial completion of the contracted work. They rely upon an exception recognized in Bauer, 596 P.2d at 203, which arises when the laborer or material-man has been prevented from completing the work by the breach of the owner or third party. Plaintiffs argue that Lessee’s failure to pay when payment was requested constituted a breach by a third party which prevented completion of the work. We conclude that Inter-mountain Electric, Inc. v. Berndt (1974), 164 Mont. 67, 518 P.2d 1168, is controlling. That case was explained in Bauer, 596 P.2d at 203:
“However, in Berndt, involving substantially the same question, we found nothing in the record to suggest that the contractor’s failure to make a payment actually prevented the subcontractor-lienholder from completing the work. There was no evidence to indicate that the subcontractor was entitled to demand any money from the contractor at the time it submitted a bill, nor was there any proof that prompt payment by the contractor and time were of the essence to completion of the work. Finally, because the subcontractor did not go to the homeowners and ask them for payment of the bill or ask them if they wanted the work completed, we concluded the subcontractor had willfully and voluntarily abandoned the contract before there had been substantial performance of its terms.”
In the present case, the record does not contain evidence that Lessee’s nonpayment prevented the plaintiffs from completing the work they had contracted to do. Plaintiffs presented no evidence that they were entitled to demand money from Lessee at the time they submitted their demands, nor did they present evidence that time and prompt payment by Lessee were of the essence to completion of their work under the contract. Further, they did not request payment by the Lessors, and they did not ask if Lessors wanted the work completed. In Gramm v. Insurance Unlimited (1963), 141 Mont. 456, 378 P.2d 662, we upheld a mechanic’s lien on real property. We concluded that the contract clearly provided for prompt payment of installments by the homeowner to the contractor and time was of the essence. Gramm, 378 P.2d at 664. Plaintiffs failed to establish similar requirements in their contracts with the Lessee. In addition, plaintiffs have failed to establish that they relied upon the *352 Lessors for payment and that they granted to the Lessors the opportunity to have the work completed.
If substantial evidence exists in the record to support the district court’s judgment, we will not disturb that judgment. Berndt, 518 P.2d at 1171. In this case, the interior ceiling was not installed; the interior walls were not completed; painting was not completed; the wiring was not completed; none of the necessary electrical fixtures were in the building; the plumbing was not completed; and the walk-in cooler did not have doors. The cost to complete the work could be as much as $30,000. The property was not usable for any commercial purpose. None of these facts have been contested by the plaintiffs. We conclude that substantial evidence exists to support the lower court’s determination that the plaintiffs had not substantially completed the work they had contracted to perform.
Because plaintiffs had not substantially completed the contracted work, their liens were prematurely filed. Western Plumbing of Bozeman v. Garrison (1976), 171 Mont. 85, 88-89, 556 P.2d 520, 522. Therefore, we affirm the District Court’s holding that the plaintiffs have failed to establish valid liens against the Lessors’ property.
II
Does merger of the leasehold and the fee permit enforcement, against the fee, of a lien upon the leasehold?
The plaintiffs assert that when the Lessee abandoned the leasehold, the leasehold merged with the Lessors’ fee interest. They then urge that principles of equity would permit enforcement of the liens against the Lessors’ interest. This argument, however, relies upon a valid lien. Without passing upon the merit of plaintiffs’ underlying theory, our holding under Issue I renders consideration of this issue unnecessary.
Ill
Should plaintiffs be allowed to recover under the theory of quantum meruit?
The plaintiffs argued that the value of the property was enhanced by their work. The District Court found that the work had not enhanced the value of the property. Both plaintiff Durand and defendant Dowdall testified that the property is not now usable for a service station, a restaurant, or any other commercial use. The court *353 determined that the property also was not suitable for any non-commercial use. The record contains substantial evidence to support these findings; therefore, they will not be disturbed. With this in mind, principles of equity do not weigh in favor of the plaintiffs’ claim for quantum meruit. We hold that plaintiffs may not recover expenditures for their work under theory of quantum meruit.
IV
Was the claim of appellant Mutch, d/b/a/ Flathead Electric, barred due to untimely filing of the lien?
We need not consider this issue in light of our holding as to Issue I.
Affirmed.
MR. JUSTICES HARRISON, SHEEHY and GULBRANDSON concur.